McKinney, Judge,
delivered the opinion of the court.
This was an indictment preferred against the plaintiff in error and two others, in the circuit court of Jefferson county, for an assault and battery.
On the back of the indictment, when sent to the Grand Jury, and returned by them a “ true bill,” the name of Elizabeth Brown was marked as prosecutrix.
The defendants pleaded in abatement, that the prosecutrix, said Elizabeth Brown, “ was, at the time of sending said indictment, and still is, a feme covert,” &c.
The Attorney General thereupon moved the court for leave to add the name of Thomas Brown (husband of said Elizabeth) as prosecutor in this case with said Elizabeth Brown ; and said Thomas Brown being present in court and assenting thereto, the motion was allowed. _
The Attorney General then replied to the plea in abatement, the leave granted to amend, and the amendment made in pursuance thereof. To this replication the defendants demurred, and on argument the demurrer was overruled. The defendant, John Moyers, was then put upon trial, on the plea of not guilty, and was convicted.
The only question in this case necessary to be considered, arises on the amendment allowed by the circuit court.
The act of 1801, che 30, sec. 1, declares in express terms, that "No States’ Attorney shall prefer a bill of indictment to any Grand Jury in this State, without a prosecutor marked *42 thereon,” And the second section declares, in terms no less emphatic, that, if this requirement be not complied with, “ the party or parties against whom such bill shall be preferred, may give this act in evidence; and the court shall order him or them to be discharged, and the States’ Attorney shall be answerable for the cost which may have accrued on such bill.”
The language of the first section is imperative; and it amounts to an unqualified prohibition upon the Attorney General to send a bill of indictment to the Grand Jury without a prosecutor marked thereon. This provision of the law is founded upon a wise policy, and cannot be dispensed with. Its object is to have before the court a responsible person, who may not only be held subject to the payment of costs, in the event the prosecution shall turn out to be frivolous or malicious; but who may likewise be held amenable to the injured party for the false imprisonment or malicious prosecution.
The name of the feme covert marked on the indictment, was a nullity. She being wholly irresponsible, in law, either for costs or damages, the endorsement of her name as prose-cutrix was no compliance with the true meaning of the statute. And the addition of the name of a prosecutor, legally responsible, after the indictment had been put to the Grand Jury and found by them a “ time bill,” was directly in opposition both to the letter and spirit of the statute.
The indictment, thereupon, will be quashed, and the plaintiff in error discharged.