McFarland, J.,
delivered the opinion of the court.
Travis was indicted for a felony, pleaded not guilty, and was put upon trial, but the jury failing to agree, a mistrial was entered. Subsequently he was again put upon trial, and during its progress he obtained leave of the court and presented a plea in abatement, setting forth that the prosecutrix was a married woman. The attorney-general replied, admitting that "she was a married woman, but averring that her husband had deserted his family, and had wholly neglected for several years to support them. The court sustained a demurrer to this replication and discharged the defendant, and the attorney-general appealed in behalf of the state.
It is first argued that the court erred in permitting tbe plea to be filed at that stage of the proceedings, although, in general, it is not denied that the court has discretion to allow a plea in abatement in a criminal case after a plea of “not guilty.”
If the court has the discretion, we could hardly control *594 a case of this character. Besides, it is not clear that a plea in abatement was necessary. In Wattingham v. State, 5 Sneed, 64, it was held that the fact might be shown upon the trial. It is true that this was based upon the second section of the act of 3801, ch. 30, the first section of which [Shannon’s Code, sec. 7058, substantially the same] enacts that “no state’s attorney shall prefer a bill of indictment to the grand jury without a prosecutor marked thereon.” The second section enacted that the defendant might give the fact in evidence on the trial. It does not appear that this second section was brought into the Code, but still as in such cases the indictment is quashed upon the ground that there is no prosecutor marked on it, the name of a married woman being treated as a nullity. And this being for the protection of the public against prosecutions by irresponsible parties, we think .it might lie shown upon the trial. Though by sec. 5242, of the Code [Shannon’s Code, sec. 7217(2)], advantage cannot be taken of this after conviction. But the question is, as to the -effect of sec. 2805 of the Code [Shannon’s Code, sec. 4505], as to the right of married women in the cases therein specified, to become prosecutrixes. The section is as follows: “Where a husband has deserted his family the wife may prosecute or defend in his name any action which he might have prosecuted or defended; she may also sue and be sued in her own name for any cause of action accruing subsequently to such desertion.” This section, we believe, originated with the Code in 1858. It extends in substance the provisions of the act of 1835, ch. 56, in favor of the wife of insane persons to wives who are deserted by their husbands. This was manifestly passed with reference to said suits for the benefit of married women so situated, in order to afford them the protection of the law; but it enables a married woman, whose husband has deserted her, to sue and be sued in her own name, for any cause of action accruing subsequently to such desertion, and of course, in *595 such case, judgment may be rendered against her for costs. The objection to her being prosecutrix in a criminal case is that no judgment could be rendered against her for costs, that it is the policy of the law to have some responsible party as prosecutor, in case the prosecution turn out to be frivolous or malicious. This requirement would be met if in such case a judgment might be rendered against such married woman for costs. A married woman so situated needs the protection of the law afforded by criminal prosecutions against those who commit crimes directly affecting her and her family, and in many cases, unless she is allowed to prosecute, the law would go un-executed. We think the law should be liberally construed to carry out this object, and hold the indictment was improperly quashed.
Reverse the judgment, and remand the cause for a new trial.