## CHARLES COWLEY *v.* THE STATE.

CRIMINAL LAW. *Assault.* A person who shoots a ball from a loaded pistol through the door of a dwelling house intending to assault a particular individual as the supposed occupant, commits an assault upon the actual occupant although a different individual.

### FROM LINCOLN.

Appeal in error from the Circuit Court of Lincoln county. J. J. WILLIAMS, J.

J. H. HOLMAN for Cowley.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The prisoner was indicted for an assault on William G. Gray "by then and there, while riding along and passing the dwelling-house of said Gray, shooting into said dwelling-house, and through the door thereof." Having been convicted, he has appealed in error.

The prosecutor, William G. Gray, lived with a wife and five children in a cabin containing only one room. The family were all in the room, seated at a table placed in front of the door, and the prosecutor was about to sit down at the table himself, to eat supper, when the defendant shot with a pistol at the house, the ball passing through the door and falling on the floor. The defendant was riding, with other persons, along

the path or road about twenty or thirty yards in front of the cabin when he fired the pistol. The. witness who proves that the shot was fired by the defendant, was riding with the defendant, and testifies that when opposite to the house, the defendant said: "Here is where old Hannah Ashby lives, and old Neese Gray is always there with her. Let us shoot into the house and scare old Neese and see him run." The witness further testified that Hannah Ashby was a prostitute, who had lived in that neighborhood for many years, and that Neese Gray was the father of the prosecutor. He added that he did not know whether the defendant knew that William G. Gray, the prosecutor, lived in the house, or not.

The court, among other things not excepted to, charged the jury: "If the assault was made to injure other persons who were supposed to be in the house, but who were not there, and the house was occupied by other persons not known to the defendant, still there would be an assault on those who were there, and on each and every one of them. And if the evidence should show that the accused fired a pistol into the house supposing Neese Gray and others were there, with a view to injure him or frighten him, or run him off, when in fact he was not there, but the house was occupied at the time by the prosecutor, William G. Gray, and his family, then it would be an assault on him." The counsel of the defendant insists that this charge is erroneous, because the assault must be made on the person intended, and besetting a house is not an assault on its inmates.

Cowley v. The State.

An assault, it is true, is an attempt, or the unequivocal appearance of an attempt to do a corporal injury to another, the intent to do harm being essential: *Richels* v. *State*, 1 Sneed, 606; *Bass* v. *State*, 6 Baxt., 588. It is also true that the besetting of a house is only a constructive, not an actual assault: *Evans* v. *State*, 1 Hum., 399; *State* v. *Freels*, 3 Hum., 328. So, the shooting into a house for the purpose of injuring an inanimate object, as an obnoxious transparency in a window, with no design of personal injury, may not be an assault: *United States* v. *Hand*, 2 Wash. C. C., 435. But an assault upon a house will be regarded as an assault on the person when the purpose of the assault be injury to the person of the occupant or members of the family: *State* v. *Patterson*, 45 Vt., 308. And the intent to do corporal hurt is to be ascertained by the jury from the circumstances, and may be inferred from the unlawful act: *Richels* v. *State*, 1 Sneed, 606; *Commonwealth* v. *Randall*, 4 Gray, 36. And it is not necessary in a simple assault that there should be the specific purpose to do a particular injury, but general malevolence or recklessness will be sufficient: 1 Bish. Crim. Law, sec. 60; *Tarver* v. *State*, 43 Ala., 354; *Regina* v. *Fretwell*, 9 Cox C. C., 471; *Anderson* v. *State*, 3 Head, 455.

If a person do one wrong, intending to do another, he is, as a general rule, punishable for the wrong done as a substantive offense. Thus, if he shoot intending to hit or kill one man and hit or kill another, he may be convicted for the wrong to the latter: *Bratton* v. *State*, 10 Hum., 103. This is conceded by

Cowley *v.* The State.

the learned counsel of the defendant, while he insists that no crime is committed if the act, intended as an assault on a particular person, fail to injure any one. "But," says Mr. Bishop, "where the thing done does not amount to a substantive offense, it is a criminal attempt, if the doing has proceeded far enough for the law's notice, and is also of a kind from which the community suffers": 1 Bish. Cr. L., 740. And he illustrates his remark by reciting a Scotch case, in which it was held to be a crime to wickedly and culpably discharge loaded fire arms into an inhabited house, to the apparent danger of lives within: *Smith's case*, 1 Broun, 240. "We have no doubt," says Shaw, C. J., in delivering the opinion of the Supreme Judicial Court of Massachusetts, in a civil action for alleged personal trespass by breaking into and carrying off the windows of a house, "that an assault may be committed on one in a house who is not seen or known to be there, as if one were wantonly to fire a loaded gun, and the ball should pass through a house where persons were, it might be an assault on all of them": *Meader* v. *Stone*, 7 Met., 151. And, as it seems to us, there can be no doubt that when a person shoots a ball through the door of a dwelling-house, intending to assault a particular individual as the supposed occupant, he commits an assault upon the actual occupant. If the ball should strike the latter, it would confessedly be at least a battery. If it fail to strike, it is an assault which is an inchoate battery.

Affirm the judgment.