## WILEY RODES v. THE STATE.

CRIMINAL LAW. *Indictment.* *Prosecutor.* After a trial on the merits, the objection comes too late that the indictment was found without a prosecutor being marked thereon, and before the order of court directing the attorney-general to prosecute the indictment officially.

### FROM GILES.

Appeal in error from the Circuit Court of Giles county.    W. S. MᶜLEMORE, J.

N. SMITHSON for Rodes.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The prisoner was indicted for the murder of George Howard, and having been found guilty of murder in the second degree, and sentenced in accordance with the verdict, appealed in error.

The record shows that the grand jurors returned into court, and brought with them an indictment against Wiley Rodes for murder, and it appearing to the court that there was no one to prosecute the same, and that justice required that it should be prosecuted, it was ordered that the district attorney-general prosecute the same *ex officio,* and that his name be endorsed on the indictment as prosecutor, which was done. The prisoner was afterwards arraigned, pleaded not guilty, was tried and convicted. He moved in arrest of judgment, but the motion was overruled. It is now assigned as error that the motion in arrest should have been sustained on the ground that there was no prosecutor.

The policy of this State, as of the common law, has been to protect the citizen against groundless or improper prosecutions by requiring the name of a prosecutor to be marked on the indictment, to whom the defendant might look for redress if entitled to it. The act of 1801, ch. 30, brought into the Code, sec. 5096, provided: "No district attorney shall prefer a bill of indictment to the grand jury, without a prosecutor marked thereon, unless otherwise expressly provided by law." The original act contained the further provisions, not embodied in the Code, that the party against whom a bill was preferred without a prosecutor might give the act in evidence, whereupon the court should order his discharge, and the attorney-general was made answerable for the costs. The decisions under the act were necessarily in accord with its terms: *Moyers* v. *State,* 11 Hum., 40; *Wattingham*

v. *State,* 5 Sneed, 64. The policy of the State grad-
ually changed after the act of 1801, and by the time
of the adoption of the Code there were twenty-one
cases in which, by statute, a prosecutor was dispensed
with, and the district attorney allowed to file bills of
indictment officially, and without a prosecutor marked
thereon. These cases are enumerated in the sub sec-
tions to section 5097 of the Code. One of these cases,
embodied in section 9, is very broad, and may cover
any offense. That section dispenses with a prosecutor,
and authorizes the district attorney to file a bill with-
out the usual endorsement: "Upon an order of the
circuit or criminal court to file an indictment officially;
which may be made when it appears to the court that
an indictable offense has been committed, and that no
one will be prosecutor." The power thus conferred
upon the trial courts is in its very nature discretion-
ary, and not subject ordinarily to revision: *Lawless* v.
*State,* 4 Lea, 173; *State* v. *Kittrell,* 7 Baxt., 167. The
Legislature went a step further, and by the act of
1852, ch. 256, brought forward into the Code sec. 5242,
provided that after a person, indicted for a criminal
offense, had been arraigned, had pleaded not guilty, and
been tried upon the merits, he should not be entitled
to a new trial, or to an arrest of judgment, or to a
reversal of the judgment, for any of several causes
enumerated, and among others: "Because the attorney-
general or clerk, or grand jury omitted to mark a
prosecutor upon the indictment." In the case of *State*
v. *Travis,* 3 Leg. Rep., 155, decided by this court in
1875, at this place, it was said that the want of a

Rodes *v.* State.

prosecutor might, perhaps, be shown on the trial under the law as embodied in the Code, but it was also said that, by the Code, sec. 5242, advantage could not be taken of the omission after verdict. The reason for the latter conclusion is that the endorsement of the prosecutor is for the benefit of the defendant, and if he chooses not to take advantage of the omission by motion to quash the indictment, by plea in abatement, or by introducing the act in evidence on the trial, he waives the benefit. He cannot be permitted to experiment with the court by trying his case on the merits, and after being found guilty, then rely upon a matter which was intended for his benefit in case he was innocent. And this reason equally applies whether there was in fact a prosecutor, and the omission to endorse his name was unintentional, or whether there was no prosecutor at all. He must assert his right before it has been shown to the court, by a trial on the merits, that it was of no consequence to the defendant whether there was a prosecutor or not.

The point urged in this case is that the record shows that the indictment was found before the order of the court directing the attorney-general to prosecute officially. But there is no difference in principle between the question raised by the given state of facts, and the question arising upon the total absence of a prosecutor. In either event, the omission must be taken advantage of at once, before there is a final verdict on the merits. Moreover, the fact whether the order of the court to the attorney-general to prosecute a bill officially is made before or after indictment found is

27—VOL. 10.

of no consequence to the prisoner. The object of having a prosecutor endorsed is for his protection. If the prosecutor be dispensed with, he simply loses the advantage of some person to look to in case he is innocent of the charge. The proceeding under an indictment would be the same, whether there is a prosecutor or not. It would be the veriest form, after the grand jury has found the indictment a true bill, and the court upon such finding directs the district attorney to prosecute officially, to recommit the bill to the grand jury merely to be again returned into court. Certainly, the omission of such a form cannot be allowed to stay the course of justice after a trial on the merits.

It is suggested by the defendant's counsel that the court erred in admitting certain portions of the evidence objected to by defendant, and in excluding certain evidence offered by the defendant, for which he says "see record," without specifying anything. In like manner, he says the trial judge charged too strongly against defendant, see record page 31, and other portions of the charge. We understand from these suggestions, that the counsel has been unable to find anything either in the rulings of the court on the admission and exclusion of evidence, or in the charge on which he can assign error. We concur with him in his conclusion. The defendant's affidavit discloses no sufficient ground for a new trial.

Affirm the judgment.