Bryant *v.* State.

BRYANT *v.* STATE.

(*Nashville.* February 10, 1891.)

SELLING LIQUORS. *Sale by licensed dealer outside county in which he is licensed. Place of sale.*

B. was convicted of unlawfully selling liquor *in Cannon County* upon these facts: B. resided in Cannon County, there conducting a store. He had a licensed liquor saloon in Rutherford County in charge of a clerk. When parties in Cannon County, wanted liquor, B., upon being paid the price and cost of transportation at his store in that county, ordered it from the clerk in charge of his saloon in Rutherford County. The liquor, thus ordered, was put in jugs by the clerk at the saloon in Rutherford County, and there labeled with the names of the respective purchasers, and sent by public conveyance to B.'s store in Cannon County, where it was delivered to the purchasers. B. had no license to sell liquor in Cannon County.

*Held:* The conviction was proper. The sale was made in Cannon County. The order of B. upon his clerk was, in legal effect, an order upon himself, and a mere subterfuge.

FROM CANNON.

Appeal in error from Circuit Court of Cannon County. ROBERT CANTRELL, J.

JONES & HOUSTON and J. H. CUMMINGS for Bryant.

Attorney-general PICKLE for State.

DICKINSON, Sp. J. Defendant was convicted of selling whisky unlawfully in Cannon County.

It is insisted that the sale was made in Rutherford County.

Defendant, in partnership with another, had a store in Auburn, Cannon County, and he had a licensed saloon in Murfreesboro, Rutherford County, the latter in charge of his clerk. The buyer requested defendant, in Cannon County, to order some whisky from his saloon to be brought by a public conveyance running from Murfreesboro to Auburn, and gave him the money to send for the whisky, and also the money to pay for bringing it to Auburn.

A few days thereafter he went to defendant's store and found several jugs with tags on the handles, and among them his own, marked with his name, which he took. The whisky was put in the jugs in Murfreesboro, and was there marked with the buyer's name, and was placed in charge of the hack-driver, who carried the United States mail, and was delivered by him at defendant's store. Defendant testified that he has ordered as many as eight jugs at a time in this way for purchasers. His clerk testified that he had, he supposed, sent as many as one hundred and fifty jugs to Auburn "to the order of Bryant, defendant."

The order was taken, the money was paid, and the whisky was delivered at defendant's place of business in Cannon County. The order of defendant upon his clerk was an order on himself, and

was a mere subterfuge. The sale was made in Cannon County, and defendant had no license to sell liquor in that county.

It is insisted that there should be a reversal, because the record shows two fines on two separate indictments.

The record shows that these causes were tried by agreement, which was an express waiver of the objection now raised for the first time.

Judgment affirmed.