Swift *v*. State.

---

SWIFT    *v*.    STATE.

*(Jackson.*    May    12,    1902.)

1. SELLING LIQUORS.    *Licensed dealer may not sell in another county.*

A liquor dealer, having license to sell in one county, is prop-erly convicted of unlawfully selling liquor in another county where he has no license, where it appears that his agent, while in the latter county making collections, gave him an order over the telephone for liquor for a customer, although the liquor was sent from the former county and delivered to the customer through the agency of a common carrier, and the price charged to the customer.

Case cited: Bryant *v*. State, 89 Tenn., 581.

2. MISDEMEANOR.    *All participants are principals.*

All participants in any degree in the commission of a misde-meanor are principals.

Case cited: Atkins *v*. State, 95 Tenn., 475.

---

FROM    LAKE.

---

Appeal in error from the Circuit Court of Lake County.    W. H. SWIGGART, J.

BULLOCK & TIMBERLAKE for Swift.

ATTORNEY GENERAL for State.

CALDWELL, J.    This appeal in error is brought by J. B. Swift from a conviction for retailing liquor in Lake County without license.    He was

in the employment of Harman & Co., who were retail liquor dealers at Obion Station, in Obion County, Tennessee.

A part of the time he was bar-tender in their saloon at that place; at other times he went into Lake County as their agent to collect debts there due to them for liquors previously sold. Neither he nor his principals had license to sell liquor in Lake County.

On one occasion, when in Lake County collecting debts for liquors previously sent there by his principals, and while at Blue Bank postoffice, he, at the request of J. P. Hall, telephoned to his principals at Obion Station to send to Hall, at Blue Bank, one quart of whisky, and at another time, while at the same place, he, on a like request, telephoned them to send Hall half a gallon of whisky. The whisky was sent in each case as requested, Hall receiving it as purchaser on a credit. Both of these sales were made within twelve months next before the finding of the presentment in this case.

In these instances, as in others, Harman & Co. sent the whisky from their saloon at Obion Station by hacks, which made regular daily trips from that point in Obion County, to Tiptonville, in Lake County, carrying passengers, express, and other matters from Obion County to Tiptonville and way-stations in Lake County, including Blue Bank.

The hackman's part in the matter was to deliver the packages of whisky intrusted to him to the parties for whom they were intended. He made both deliveries to Hall.

This is the substance of the material facts disclosed in this record. From them we have no hesitation in holding that the sales to Hall were made in Lake County by Swift, for his principals, and that, in as much as neither he nor they had license to sell liquor in that county, he was guilty of the offense of which he has been convicted.

In all essential particulars the case is identical with that of *Bryant* v. *The State,* 89 Tenn., 581.

It is of no consequence that Swift made the sale in the name of his principals rather, than in his own name, for in misdemeanors all participants are deemed principals and punished as such, without reference to their contractual or business relations with each other. *Atkins* v. *The State,* 95 Tenn., 475.

To hold differently on these facts would be to sanction bold attempts to evade the license law, and to authorize retail liquor dealers, licensed in one county, to make sales in every other county in the State without license in any of them. No construction of the law that would justify such an attempt or such a result can be sound.

Swift *v.* State.

Only those sales that are in good faith effected in the county where the local license is issued, are protected by that license.

This answers the objection that the verdict is not sustained by the evidence, and also the objection to the charge of the learned Circuit Judge, which was in substantial accord with the views of the law herein expressed.

Other objections will be passed over without mention. None of them are tenable.

Let the judgment be affirmed.