James Brooks v. The State.*

(*Nashville.* December Term, 1927.)

Opinion filed February 18, 1928.

## 1. CRIMINAL LAW. JUDGMENT. APPEAL.

Where the trial court fails to render judgment on a verdict, so that the appeal is premature, the case will be remanded by this court. (Post, p. 452.)

## 2. CRIMINAL LAW. JUDGMENT. JURISDICTION. APPEAL. REMAND.

Where the minute entry shows that a final judgment was rendered, though the judgment itself is not entered on the minutes, such entry is sufficient to show that a final judgment was rendered, and is sufficient to give this court jurisdiction of the appeal, and this court will render that judgment which the trial court should have rendered without remanding. (Post, p. 453.)

Citing: Cowan v. State, 117 Tenn. (9 Cates), 247; McCampbell v. State, 116 Tenn. (8 Cates), 98.

## 3. CRIMINAL LAW. INDICTMENT. MOTION TO QUASH.

The defect in an indictment on which the name of the prosecutor is not endorsed is waived unless objection is made by proper motion or plea prior to the entry of a plea to the merits. (Post, p. 453.)

## 4. CRIMINAL LAW. INDICTMENT. PROSECUTOR.

Our statute requiring that the name of the prosecutor be endorsed on an indictment was passed for the protection of the defendant against frivolous and unsubstantial prosecutions. (Post, p. 454.)

Citing: Code of 1858, sec. 5069; Code of 1858, sec. 5242; Rodes v. State, 78 Tenn. (10 Lea), 414; State v. Travis, 1 Shan. Cas., 593.

## 5. CRIMINAL LAW. INDICTMENT. PROSECUTOR. IRREGU-LARITIES.

There is no distinction to be made between the absence of the name of a prosecutor being endorsed on the indictment and other irregularities which are deemed to have been waived by a plea to the merits. (Post, p. 455.)

6. RULE. ADHERENCE.

· There is no reason for adhering to a rule of procedure not supported by statute or principle, when it is of a nature that no rights of liberty or property can be affected by the departure from the former rule. (Post, p. 455.)

---

*Headnotes 1. Criminal Law, 17 C. J., section 3290; 2. Criminal Law, 16 C. J., section 3102; 4. Criminal Law, 17 C. J., section 3758; 5. Indictments and Informations,. 31 C. J., section 534; 6. Indictments and Informations, 31 C. J., section 35.

---

FROM FENTRESS.

---

Appeal from the Criminal Court of Fentress County. —Hon. W. H. BUTTRAM, Judge.

W. A. GARRETT, for Brooks.

W. F. BARRY, JR., Assistant Attorney-General, for the State.

MR. JUSTICE SWIGGART delivered the opinion of the Court. ·

James Brooks was adjudged guilty of bigamy by the Criminal Court of Fentress County, with a sentence to the penitentiary for two years, and has appealed in error to this court.

No question is made by the assignments of error as to the merits of the conviction, and the questions relied upon for reversal are purely technical.

*(1)* It is contended that the trial court failed to render judgment on the verdict, so that the appeal is premature, and that the case should be remanded to the trial court for judgment.

This is the proper course where the trial court fails to render judgment on the verdict, but the transcript herein contains a copy of a minute entry, following the entry of verdict, which recites: "Thereupon the court pronounced judgment in accordance with the law and the finding of the jury."

(2) This entry of the judgment .is. deficient. The judgment itself should be entered on the minutes, and not a mere recitation that judgment was, in fact, rendered. The entry is, however, sufficient to show that a final judgment was rendered, and is sufficient to give this court jurisdiction of the appeal in error. A remand is unnecessary, since, upon an appeal in the nature of a writ of error, this court will render that judgment which the trial court should have rendered. *Cowan* v. *State,* 117 Tenn., 247; *McCampbell* v. *State,* 116 Tenn., 98.

The remaining assignments of error are predicated upon the fact that no prosecutor was indorsed on the indictment when it was submitted to the grand jury.

The record recites that this question was made by motion to quash, after the trial jury had been impanelled and sworn and before the introduction of evidence. It is expressly recited that the motion to quash was made after a plea of not guilty had been entered to the indictment.

The motion to quash was overruled, and the question was again made at several stages of the proceedings in the trial court, by motion entered after the proof had been offered, by motion for a new trial, and by motion in arrest of judgment.

(3) Our reported cases disclose some confusion as to when objection may be made to an indictment on the ground that the name of a prosecutor is not indorsed thereon. To end the controversy, we hold herein that

such an objection is waived for all time unless it is made by proper motion or plea prior to the entry of a plea to the merits.

*(4)* The requirement that the name of a prosecutor be indorsed on an indictment was first brought into our judicial system by Acts of 1801, chapter 30. The second section of that act provided that any person against whom an indictment was preferred without a prosecutor indorsed thereon should be permitted to prove the same in the evidence, and so obtain his discharge.

The first section of the Act of 1801 was brought into the Code of 1858, at section 5069, but the second section was omitted. A further provision was incorporated into the Code of 1858, at section 5242, listing the failure of the attorney-general or clerk or grand jury to mark a prosecutor upon the indictment, as one of the causes for which a new trial or an arrest of judgment should not be accorded to a convicted defendant. By statute and by the enactment of the Code many offenses have been enumerated, in the prosecution of which a prosecutor is not required. *Rodes* v. *State,* 78 Tenn., 414.

In *State* v. *Travis,* 1 Shan. Cas., 593, decided in 1876, it was held that notwithstanding the exclusion of the second section of the Act of 1801 from the Code, objection to an indictment for the lack of a prosecutor might be made by evidence on the trial of the case; the court being of the opinion that this would be ''for the protection of the public against prosecutions by irresponsible parties.''

In *Rodes* v. *State, supra,* decided in 1882, the court said: ''The object of having a prosecutor indorsed is for his (defendant's) protection. If the prosecutor be dispensed with, he simply loses the advantage of some person to look to in case he is innocent of the charge.''

The judicial history of the State fails to reveal any case in which a prosecutor has been taxed with the costs on the ground that the prosecution was frivolous or unsubstantial; and we think the true purpose of the requirement that a prosecutor be named on the indictment is for the protection of the defendant, as stated in *Rodes v. State, supra.*

(5) In view of the fact that the statutory provision that the absence of a prosecutor might be developed in the evidence was, in effect, repealed by its omission from the Code, we can see no reason for making a distinction between the absence of a prosecutor and other irregularities which are deemed to have been waived by a plea to the merits.

(6) While the court is reluctant to disturb decisions of long standing, we see no reason for longer adhering to a rule of procedure not supported by statute or principle, when it is of a nature that no rights of liberty or property can be affected by the departure from the former rule.

The judgment of the trial court will accordingly be affirmed.