ANNIE KING *v.* THE STATE.

(*Knoxville.*  September Term, 1928.)

Opinion· filed December 8, 1928.

1. AUTOMOBILE DRIVING WHILE INTOXICATED.
Driving an automobile while under the influence of an intoxicant is malum in se.  (Post, p. 637.)
Citing: Keller v. State, 155 Tenn. (2 Smith), 633.

2. ASSAULT AND BATTERY.  INTENT.
A specific intent to do an injury is not necessary to constitute an assault and battery where the act complained of is malum in se. (Post, p. 638.)
Citing: Clark & Marshall on Crimes, sections 204-5; 2 R. C. L., p. 529.

3. SIMPLE ASSAULT.  MALEVOLENCE.  RECKLESSNESS.
It is not necessary in a simple assault that there should be the specific purpose to do a particular injury, but general malevolence or recklessness will be sufficient.  (Post, p. 639.)
Citing: Cowley v. State, 78 Tenn. (10 Lea), 284.

4. VOLUNTARY MANSLAUGHTER.  DRIVING AN AUTOMO-BILE WHILE INTOXICATED.
One who under the influence of an intoxicant runs his automobile over and kills a person is guilty of involuntary manslaughter, regardless of whether the killing was the natural or proximate result of his action.  (Post, p. 639.)
Citing: Keller v. State, 155 Tenn. (2 Smith), 633.

5. ASSAULT AND BATTERY.  DRIVING AN AUTOMOBILE WHILE INTOXICATED.
Where one who, while under the influence of an intoxicant, runs his automobile over a person, but death does not result to the person

run over, the offender would be guilty of assault and battery. (Post, p. 639.)

---

FROM HAMILTON.

---

Appeal from the Criminal Court of Hamilton County. —HON. CHAS. W. LUSK, Judge.

BACHMAN & JEWELL, for plaintiff in error.

NAT TIPTON, Assistant Attorney-General, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Plaintiff in error was indicted for assault and battery, the indictment charging that she did run over, upon and against one Ida Anderson with an automobile.

The contention of the State is that the plaintiff in error was under the influence of an intoxicant at the time of this collision.

The plaintiff in error was found guilty by a jury and a fine of $200 and a workhouse sentence of thirty days was imposed.

While there are numerous assignments of error they practically all refer to one matter, viz.: that the State failed to prove that the plaintiff in error intended to do an injury to the prosecutrix; or to state it differently the plaintiff in error insists that one of the essential ingredients of an assault and battery is an intent to do harm, and it is insisted with much zeal that no such intent was shown in this case.

Without detailing the facts, it is sufficient to say that the evidence does not preponderate against the theory of the State, *viz.*: that the plaintiff in error was driving an automobile while under the influence of an intoxicant at the time of the injury.

(1) The errors assigned on behalf of plaintiff in error are specifically directed at the following portion of the charge of the trial judge:

"Now, gentlemen of the jury, in a case of that kind, in accordance with the holding of our Supreme Court, it is held that the driving of an automobile while drunk is a crime within itself. It is also a principle of law that one is presumed to intend the natural, ordinary result of his acts. Now, an intent is generally held to be in law as one of the necessary components of a crime. That is to say there must be a criminal intent, coupled with a criminal act. In this case I charge you gentlemen of the jury if this woman was guilty of driving under the influence of an intoxicant, and driving the car in the manner and form as insisted upon by the State, that is, being under the influence of an intoxicant, that will supply the criminal intent sufficient to justify a conviction for assault and battery. The question, gentlemen of the jury, in the case, is whether or not she was under the influence of an intoxicant and being under the influence of an intoxicant, gentlemen of the jury, is an expression that practically defines itself. In other words, anyone who has partaken of intoxicating liquor so as to lessen or modify in any degree his or her powers to control an automobile, or to guide it, is under the influence of an intoxicant within the condemnation of this law."

In *Keller* v. *State,* 155 Tenn., 633, it was expressly held that driving an automobile while under the influence of an intoxicant is *malum in se.*

*(2)* The authorities generally hold that a specific intent to do injury is not necessary to constitute an assault and battery where the act complained of is *malum in se.*

In Clark & Marshall on Crimes, sections 204-5, it is said:

"While there is very little authority on the question, there seems to be no good reason to doubt that a person may be guilty of criminal assault and battery if he intentionally does an act which, by reason of its wanton and grossly negligent character, exposes another to personal injury, and does in fact cause such injury. Throwing a stone in sport and striking another is an assault and battery.

"If a personal injury is unintentionally done another by one who is engaged in an unlawful act, he is not necessarily excused on the ground of accident. If the act is a crime and *malum in se,* and the injury is a natural or probable consequence of the act, he is guilty of assault and battery. Thus, if one strikes at one person and unintentionally injures another, he is guilty of assault and battery upon the person injured. It is not even necessary that there shall be an intent to injure any particular person. If one throws a firecracker or shoots into a crowd, and injures any one of the crowd, it is an assault and battery."

We quote from 2 R. C. L., p. 529, as follows:

"And while in criminal prosecutions the law exacts a more certain proof of the commission of a crime than is necessary to establish the civil liability for the same act, nevertheless, if the act itself is essentially wrongful, it is not necessary to show an unlawful intention, for the intent is necessarily embraced in the wrongful act. In fact, where an assault and battery has been committed

by an act which is in itself essentially unlawful, the actual intention of the aggressor cannot be allowed any effect in determining his criminal liability, for it would be trifling with justice to allow any weight to be given to his intention after his reckless and unlawful act had produced its result.''

*(3)* In *Cowley v. State*, 78 Tenn., 284, the following rule was announced by this court:

"And it is not necessary in a simple assault that there should be the specific purpose to do a particular injury, but general malevolence or recklessness will be sufficient."

*(4)* In *Keller v. State, supra*, this court held that where one while under the influence of an intoxicant ran his automobile over and killed a person he would be guilty of involuntary manslaughter, regardless of whether the killing was the natural or proximate result of his action.

*(5)* From analogy it follows that where death does not result from a collision in the circumstances stated, the offender would be guilty, at least, of assault and battery.

From the foregoing authorities the rule is deducible that an assault and battery may be committed without the specific intent to injure any particular person where the action of the accused is directly perilous to human life, and that the operation of an automobile while under the influence of intoxicating drinks brings about such a state of danger.

Since driving an automobile while intoxicated is *malum in se*, and since no specific intention to injure any particular person is necessary to constitute an assault where the act complained of is *malum in se*, it necessarily follows

that where, as in this case, the accused person while under the influence of an intoxicant drove her automobile in such a reckless and dangerous manner as to strike and injure another person, the offense of assault and battery is made out.

Finding no error in the judgment of the trial court it will be affirmed.