FRANK WILLIAMS

*v.*

STATE OF TENNESSEE.

352 S. W. 2d 230.

(*Knoxville,* September Term, 1961.)

Opinion filed December 8, 1961.

R. B. HAILEY, FRANK P. MILLER, Sevierville, for plaintiff in error.

THOMAS E. FOX, Assistant Attorney General, for defendant in error.

Mr. Justice Felts delivered the opinion of the Court.

Ralph Parton and Frank Williams were jointly indicted and convicted of drunken driving of an automobile (T.C.A. sec. 59-1031). Parton acquiesced in the judgment. Williams appealed in error and insists that his conviction is without support in law or fact, since the proof showed he was neither drunk nor driving.

It is true the proof showed that Williams was not drunk and was not actually under the wheel driving the car. But the car belonged to him and he was sitting on the front seat with Parton, who was driving and obviously drunk. The theory of the State is that the proof was sufficient to warrant a finding by the jury that Williams was guilty of aiding and abetting, and was a participant in, the commission of the offense charged.

Evidence for the State (testimony of the Sheriff and a policeman) was that these officers in their automobile met the Williams automobile which was being driven so recklessly as to cause them to turn around and pursue the car. As they overtook the car, they saw one of the occupants on the rear seat throw out two bottles of whiskey; and when the car stopped, they found Parton sitting under the steering wheel quite drunk, and Williams sitting on the front seat with Parton.

These officers testified that Williams told them he was the owner of the car and was permitting Parton to drive it because he (Williams) ''didn't have any driver's

license.'' While the State's proof did not show how long Williams, Parton, and the others had been together, or how long Parton had been driving the car, it did show that Parton was so ''wobbley'' that anyone seeing him could hardly fail to notice that he was drunk. Defendants adduced no proof.

We think these circumstances reasonably warranted a finding by the jury that Williams was the owner of the car, was present on the front seat with Parton, permitted him to drive the car, knowing he was drunk, and thus was guilty of participating in the commission of the offense of driving an automobile while drunk (T.C.A. sec. 59-1031).

By the common law of this State, all persons who aid and abet in the commission of a misdemeanor are deemed principals and punished as such. *Atkins v. State,* 95 Tenn. 474, 477, 32 S.W. 391; *Swift v. State,* 108 Tenn. 610, 612, 69 S.W. 326.

In *Eager v. State,* 205 Tenn. 156, 169, 325 S.W. 2d 815, 821, a leading case on the subject of homicide by drunken driving, one who sat by the driver and aided and abetted her in driving on the highway in a state of intoxication, was held equally guilty with her and both were convicted of involuntary manslaughter. It was there said:

 '' 'One, who, being in the possession of an automobile and in position to determine who shall operate it, places the vehicle in the hands of an intoxicated person, sits with the latter, and permits him to operate the vehicle without protest, aids and abets the offense of driving while intoxicated and may, as an aider and abettor, be convicted of the offense, provided he knew

of the intoxicated condition of the person whom he thus permitted to drive.' ''

Moreover, we have a statute (T.C.A. sec. 59-1016[1]) which declares that any person who aids or abets another in the doing of any act declared an offense in chapters 8 or 10 of T.C.A., Title 59, the latter chapter including section 59-1031 (drunken driving), whether as principal, agent, or accessory, shall be guilty of such offense.

Apart from the common law rule above mentioned, it would seem that anyone who aids and abets another in the commission of the offense of drunken driving comes within this statute and is guilty of such offense equally with the driver.

Plaintiff in error assigned error upon the Judge's giving this statute (sec. 59-1016) in charge to the jury. We think such a charge was warranted and proper upon the evidence. Plaintiff in error has assigned other matters for error. Upon full consideration, we think there is no merit in any of them, and all of them are overruled.

Affirmed.

---

[1.] This statute is in these words:
"59-1016.  *Parties to a crime.*—Every person who commits, attempts to commit, conspires to commit, or aids or abets in the commission of, any act declared in chapters 8 or 10 of this title to be a crime, whether individually or in connection with one (1) or more other persons, or as a principal, agent or accessory, shall be guilty of such offense, and every person who falsely, fraudulently, forcibly or willfully induces, causes, coerces, requires, permits or directs another to violate any provision of chapters 8 or 10 of this title is likewise guilty of such offense. (Acts 1955, ch. 329, sec. 93.)"