484

JIMMY ESTES and HAROLD ESTES, Plaintiffs in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

381 S.W.2d 283.

(*Nashville*, December Term, 1963.)

Opinion filed July 15, 1964.

CARL R. HARDIN, Nashville, for plaintiffs in error.

GEORGE F. McCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, for the State.

MR. JUSTICE HOLMES delivered the opinion of the Court.

In this case the plaintiffs in error, hereinafter referred to as defendants, were convicted of assault with intent to

commit murder in the second degree. The jury fixed the punishment of each defendant at imprisonment in the County Jail for eleven months and twenty-nine days and a fine of $500.00. The facts appearing in the record in this case are substantially the facts which appeared in the record in the case in which these same defendants were convicted of illegally transporting one gallon or more of white whiskey. The opinion in that case is being released contemporaneously with this opinion and we refer to it for the facts and background of this case.

The defendants were tried in the Circuit Court of Sumner County for the charge of transporting whiskey on the 4th day of September, 1963. The present case was tried on the 19th of November, 1963. In the present case, both defendants testified. On the trial for transporting the whiskey, neither defendant testified.

In addition to the facts recited in the opinion in the earlier case, the record in the present case shows that the defendants testified they went on the Son John Strother Farm without permission from anyone for the purpose of obtaining firewood and found the whiskey they were transporting in a creek where it had been covered with leaves, but some of the leaves had blown from over one of the gallon jugs. The Sheriff of Sumner County, the Deputy Sheriff, and two Constables gave substantially the same testimony on this trial that they gave on the trial in which the defendants were convicted of transporting whiskey.

The indictment in the present case charges the defendants with assault with an automobile on Silas Barnes with intent to commit murder in the first degree. Silas Barnes was a Constable of Sumner County. At the time

the alleged assault was committed he was the officer toward the middle of the road when the vehicle of defendants approached the officers. All of the officers testified that the defendant Jimmy Estes was driving the vehicle. The defendants testified that the vehicle belonged to Harold Estes and that he was the driver on this occasion. The defendants further testified that the officers began shooting before the vehicle reached the officers and that the officers did not identify themselves as peace officers, that the defendants did not stop when commanded to stop because they were being shot at by unknown persons and they sought to escape injury. All of the officers testified that no shots were fired until after the defendants had attempted to run them down in the road and after the jugs with the whiskey in them had been seen in the flat bed of the vehicle. Sheriff Wade described the assault as follows:

"We commanded them to halt. At the word and when they saw us they threw it into second gear or third gear and charged forward, and we were all across the road walking parallel. * * * Mr. Barnes was next to me, and I don't recall how the other two were lined up, but the car charged directly at Mr. Barnes. * * *. He (Barnes) gave a leap and jumped out of the path of the car".

██ The first three assignments of error relate to the sufficiency of the evidence to sustain the verdict of the jury. It is well settled that the verdict of a jury in a criminal case approved by the Trial Judge removes the presumption of innocence and raises a presumption of guilt in this Court. The burden here is upon the defendants to show that the evidence preponderates against

the verdict. The credibility of the witnesses has been determined in the Trial Court. *Cooper v. State,* 123 Tenn. 37, 138 S.W. 826, *Hale v. State,* 179 Tenn. 201, 164 S.W.2d 822, *Batey v. State,* 191 Tenn. 592, 235 S.W.2d 591.

The evidence shows that the defendants, while trespassers on Son John Strother Farm, were committing a felony in transporting some thirteen gallons of white whiskey when the officers attempted to stop them. The testimony of the officers shows that the defendants wilfully and deliberately attempted to run the officers down with the vehicle before any shots were fired. The credibility of the witnesses having been determined, there is ample evidence to support the jury's verdict.

In *Love v. Bass,* 145 Tenn. 522, 238 S.W. 94, the driver of a car bringing a load of whiskey into Chattanooga was killed either by the sheriff, or a special deputy named Morrison with the sheriff, who had obtained information that the brother of the deceased had gone to Georgia to bring whiskey into Chattanooga. The officers had gone to a point to intercept the car. When they heard a car coming, the sheriff and Morrison stationed themselves on either side of the road. Both were armed with shotguns. As the car approached, the sheriff stepped out into the road and ordered it to halt. Instead of halting, the driver of the car speeded it up and ran it directly at the sheriff. The sheriff jumped out of the way and the driver then ran the car toward Morrison. After the whiskey car passed the sheriff he fired his gun and Morrison fired his after it passed him. At pages 528 of 145 Tenn., at page 96 of 238 S.W., the Court stated:

"It follows that the attempt to arrest the deceased was lawful and he was not entitled to resist it. If he had

succeeded in running down the sheriff and Morrison with his car and killed either of them, he would have been guilty of murder. Failing to accomplish this purpose, he was guilty of an assault with intent to commit murder."

The assignments of error relating to the sufficiency of the evidence to support the verdict are overruled.

■ The fourth assignment of error asserts that the verdict is so excessive as to show passion, prejudice and caprice upon the part of the jury. Having found the defendants guilty of assault with intent to commit murder in the second degree, it cannot be said that the jail sentences imposed by the jury are in any way excessive. T.C.A. sec. 39-603 provides for a maximum punishment for the offense of which defendants were convicted of not more than five years imprisonment in the penitentiary. The assignment of error is overruled.

■ Assignment of error Number Five states:

"Because there is no proof beyond a reasonable doubt to show that Jimmy Estes, who was a passenger in the car with Harold Estes did in any way cause the assault to be made. The State insists that Jimmy Estes was the driver of the car, and if the Court so says then there is no proof beyond a reasonable doubt to show that Harold Estes, a passenger was in any way a party to the assault."

The jury has resolved the credibility of the witnesses. Admittedly, Harold Estes was the owner of the vehicle which was being used by the two defendants in the perpetration of a crime which is a felony under the laws of this State. In such a situation, the rules stated in *Eager*

*v. State,* 205 Tenn. 156, 325 S.W.2d 815, and *Williams v. State,* 209 Tenn. 208, 352 S.W.2d 230 are applicable.

The Trial Judge properly charged the jury the law as to aiders and abettors. In so doing, he read to the jury T.C.A. sec. 39-109, which provides:

"All persons present, aiding and abetting, or ready and consenting to aid and abet, in any criminal offense, shall be deemed principal offenders, and punished as such."

He further instructed the jury:

"You may find one of the defendants guilty and the other not guilty, or you may find both of them guilty, or both of them not guilty, in accordance with the facts as you find them to be after applying the law to such facts."

The facts and circumstances appearing in the record are sufficient to support the finding of the jury that the defendant who was not driving was an aider and abettor in the offense. This assignment of error is overruled.

By assignment of error Number Six, it is contended that it was error for the Sheriff, Wade, to be listed as the prosecutor upon the indictment when the indictment charged only an assault upon Silas Barnes. There was no motion to quash the indictment in this case.

In *Brooks v. State,* 156 Tenn. 451, 453, 454, 2 S.W.2d 705, this Court held:

"Our reported cases disclose some confusion as to when objection may be made to an indictment on the ground that the name of a prosecutor is not endorsed

thereon. To end the controversy, we hold herein that such an objection is waived for all time unless it is made by proper motion or plea prior to the entry of a plea to the merits.

\* \* \* \* \* \*

"In view of the fact that the statutory provision that the absence of a proscutor might be developed in the evidence was, in effect, repealed by its omission from the Code, we can see no reason for making a distinction between the absence of a prosecutor and other irregularities which are deemed to have been waived by a plea to the merits." 156 Tenn., at 455, 2 S.W.2d at 705.

The fact that the Sheriff appeared as the prosecutor rather than the person alleged in the indictment to be the intended victim of the assault with intent to murder is at most an irregularity which was waived by a plea to the merits. This assignment of error is overruled.

By the seventh assignment of error, it is urged that the defendants cannot be guilty of an assault upon one individual (Barnes) when the proof shows that if any assault was in truth made it was made upon all four of the individuals who were gathered close together on the road.

In *Cowley v. State,* 78 Tenn. 282, the defendant was indicted and convicted of an assault on William G. Gray by shooting into a one-room house in which Gray and his wife and five children were present. In affirming the conviction charging the assault on William G. Gray, the Court recognized that the firing of the gun might well be an assault upon all of the persons in the house. The

fact that others than the party named in the indictment may have also been intended as victims does not vitiate the indictment.

After examining the record in this case, in the light of the authorities relied upon by the respective parties, we are satisfied that these defendants had a full and fair trial and that there is no reversible error in the record. Therefore, the judgment of the Trial Court is affirmed.