STATE OF TENNESSEE, Plaintiff in Error, v. SADIE MARKS alias MADAM BELL, Defendant in Error.

464 S.W.2d 326.

Court of Criminal Appeals of Tennessee. Dec. 4, 1970.

Certiorari Denied by Supreme Court Feb. 16, 1971.

David M. Pack, Atty. Gen., C. Hayes Cooney, Asst. Atty. Gen., Harold D. Hardin, Asst. Dist. Atty. Gen., Nashville, for plaintiff in error.

J. Victor Barr, Jr., Nashville, for defendant in error.

## OPINION

DWYER, Judge.

The State appeals from the judgment of the Criminal Court of Davidson County in sustaining a plea in abatement filed by the defendant abating the indictment returned by the Davidson County Grand Jury. The indictment abated charged Sadie Marks, alias Madam Bell, with committing the offense of obtaining personal property (money) by false pretenses, to wit, palm reading.

It appears in the record that the court predicated its action in abating the indictment on the motion of the defendant that the prosecutor, a Mrs. Mary Hutcherson, did not appear before the grand jury when the indictment was returned, and that the indictment as returned therefore failed to meet the standards of T.C.A. § 40-1704. The court further found that the indictment as returned did not comply with T.C.A. § 40-1705, subsection (9), (want of a prosecutor). In the technical record attached to the plea in abatement is a letter from the prosecutrix

in which she inquired of the attorney general how the grand jury could return the indictment without her being present. There is mutual agreement between the State and defendant that, for fact, the prosecutrix did not appear before the grand jury.

■ The State contends the trial court erred in abating this indictment. With this contention of the State we agree. We note the questioned indictment clearly shows that Mrs. Hutcherson was designated thereon as the prosecutor. We think, therefore, that the requirements of T.C.A. § 40-1704 have been met. In view of this holding the standards enunciated in T.C.A. § 40-1705, subsection (9) are of no concern in this opinion.

We have read the authorities relied upon by the defendant. We summarize briefly. Moyers v. State, 30 Tenn. 40 (1850) is of no comfort to the defendant. In substance, the holding there was that the prosecutrix, a feme covert, was not a responsible person in law.

In Medaris v. State, 18 Tenn. 239 (1837) the Supreme Court held that a name on the indictment where the prosecutor is usually found is not enough to satisfy the statute. The statute at the time required dismissal in the absence thereof. The defendant finds no comfort, as we view it, in the holdings in that case.

In Rodes v. State, 78 Tenn. 414 (1882) basically the holdings in that case, which as we view it, are of no comfort to the defendant, are that a plea for the want of a prosecutor must be made before the plea to the merits.

Brooks v. State, 156 Tenn. 451, 2 S.W.2d 705 (1928) is also of no comfort. Its holding in substance is that

after a plea to the merits a motion for want of a prosecutor is waived.

In our review the underlying principle to be deduced from T.C.A. § 40-1704 is the salutary principle that the defendant, in the event he is found innocent, has a party to look to for redress. That requirement we are satisfied is to be found in this record. The defendant reasons that want of a prosecutor voids the indictment because the grand jury's returning of a true bill had to have been based on hearsay. In Parton v. State, Tenn. Crim. App., 455 S.W.2d 645, presiding Judge Mark A. Walker, had this to say:

> "Although we think that the grand jury should require the production of the most satisfactory and convincing evidence which the case permits, we hold that an indictment may not be abated because it is founded on hearsay evidence. The legality and sufficiency of evidence heard by the grand jury is not subject to review by this court."

To this reasoning we subscribe. The grand jury being an agency of our government it may act independent of the court and the district attorney. See Stanley v. State, 171 Tenn. 406, 104 S.W.2d 819. They should not indict unless they are satisfied there is a sufficiency of the evidence to convince them of the probability of the guilt of the defendant. See Parton v. State, *supra.*

The judgment of the trial court abating the indictment is therefore reversed and the cause remanded for trial upon the indictment abated.

RUSSELL and MITCHELL, JJ., concur.