**William GUNTER, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

April 27, 1973.

Certiorari Denied by Supreme Court
Oct. 1, 1973.

OPINION

WALKER, Presiding Judge.

On his trial for maliciously cutting a two-year-old boy, the jury convicted the defendant, William Gunter, of assault and battery and fixed his punishment at a fine of $1000 and 11 months and 29 days in the Williamson County jail. The defendant appeals in error, first contending that the evidence preponderates against the verdict.

The evidence showed that on January 3, 1972, the defendant, age 38, went to the

trailer home of his ex-wife, Mrs. Ethel Walker. When he knocked on the door, her son, Billy Walker, age 22, opened it and struck the defendant in the eye. Mrs. Walker broke up the fight and invited the defendant in to wash his eye and the differences between these men were apparently reconciled.

A few minutes later, Mrs. Walker offered to drive the defendant to the home of his sister. The defendant sat in the front seat beside her and Billy Walker with five children sat on the back seat. Michael Todd Walker, two-year-old son of Billy Walker, sat in his lap.

When they arrived at their destination, the defendant pulled a knife and slashed at Billy Walker and then at his ex-wife, cutting her coat and blouse. Billy Walker was unharmed, but the child in his lap was severely cut from behind his ear, through the muscles in his neck and down across the nipple on the right side of the breast, exposing a rib. The eight and one-half inch laceration required 150 to 200 deep sutures and 100 to 150 external ones.

The defendant had only one good eye and Billy Walker had struck it. When they arrived at his sister's home, by his testimony the defendant asked Walker why he did it. Walker replied, "Let's you and me go somewhere and cut it out." When he started out of the car, the defendant said, "It just went through me and I got my knife and that's when I cut at him." He denied cutting at Mrs. Walker.

■ The evidence, both that of the state and the defendant, shows that the defendant did not intend to cut the child. This does not excuse the act. In Saunders v. State, 208 Tenn. 347, 345 S.W.2d 899, the Supreme Court reaffirmed King v. State, 157 Tenn. 635, 11 S.W.2d 904, which quot-ed with approval Clark and Marshall on Crimes:

" 'If a personal injury is unintentionally done another by one who is engaged in an unlawful act, he is not necessarily excused on the ground of accident. If the act is a crime and *malum in se*, and the injury is a natural or probable consequence of the act, he is guilty of assault and battery. Thus, if one strikes at one person and unintentionally injures another, he is guilty of assault and battery upon the person injured. It is not even necessary that there shall be an intent to injure any particular person. If one throws a firecracker or shoots into a crowd, and injures any one of the crowd, it is an assault and battery.' "

■ The defendant has not shown that the evidence preponderates against the verdict and in favor of his innocence. The assignment on the weight of the evidence is overruled.

■ The defendant further says the district attorney general in closing argument inflamed the jury by remarking, in substance, "In your deliberations don't forget about the injury to this little boy." He says no objection was made at the time. The argument is not a part of the bill of exceptions. In his brief, the defendant asks that the court now order it made a part of the bill of exceptions. We find no good cause shown and deny the request. In any event, when no objection is taken to argument it affords no ground for a new trial. Turner v. State, 188 Tenn. 312, 219 S.W.2d 188.

All assignments are overruled and the judgment is affirmed.

RUSSELL and O'BRIEN, JJ., concur.