IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1999 SESSION

FILED

October 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9802-CR-00062 |
| | ) | |
| | ) | Washington County |
| v. | ) | |
| | ) | Honorable Arden L. Hill, Judge |
| | ) | |
| TOMMY S. FRANKLIN, | ) | (Driving Under the Influence- aiding and |
| | ) | abetting) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Debbie Huskins
Assistant Public Defender
Post Office Box 996
Johnson City, TN 37605
(AT TRIAL)


Julie A. Rice
Post Office Box 426
Knoxville, TN 37901-0426
(ON APPEAL)

For the Appellee:

Paul G. Summers
Attorney General of Tennessee
        and
Todd R. Kelley
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243


Joe C. Crumley
District Attorney General
        and
Michael Laguardia
Assistant District Attorney
Post Office Box 38
Jonesborough, TN 37659


OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

## O P I N I O N

2

The defendant, Tommy S. Franklin, appeals as of right from his conviction by a jury in the Washington County Criminal Court for driving under the influence (DUI)-aiding and abetting, a Class A misdemeanor. He was sentenced to eleven months and twenty-nine days, of which five days were to be spent in the county jail with the remainder on probation. He was fined fifteen thousand dollars. On appeal, the defendant contends that the evidence is insufficient to support his conviction. We affirm the judgment of conviction.

At trial, Johnson City Police Officer Mike Butler testified that on January 27, 1996, he responded to an accident involving the defendant at about 10:30 p.m. He said that upon arrival, he saw a truck that had been hit, and the driver stated that another vehicle had hit him and stopped further up the road. Officer Butler said he found the defendant's car up the street.
He testified that EMS workers were examining the defendant at a nearby apartment. He said the defendant stated that "they" hit him. Officer Butler said the defendant had his car keys in his pocket.

Officer Butler testified that the defendant was very intoxicated. He said the defendant was staggering, had slurred speech and was glassy-eyed. He said that the defendant's blood alcohol content was .34 and that the defendant failed the field sobriety tests. Officer Butler said that as he prepared to administer a blood alcohol test, the defendant told him that he had not been driving the car. Officer Butler stated that the defendant went back and forth on the issue of who was driving the car. He said the defendant initially stated that he was driving. He said the defendant later said he had

consumed too much alcohol to be driving. He said the defendant could not name or describe the person who was driving.

The defendant testified that he draws disability for alcoholism. He admitted that he had a previous conviction for aggravated robbery. He said that on January 27, he drove to the Silver Spur and drank with some men. He said he became too intoxicated to drive, and he asked one of the men to drive him home. When asked if he knew the driver, the defendant stated that "a drunk is a drunk, and I don't know who he was." The defendant said that on their way home, his car was sideswiped. The defendant said he exited his car and went to an apartment to telephone for help. He said that the man driving his car ran off and that he had not seen him again.

The defendant testified that the men with whom he was drinking were drinking harder than he was. He admitted to letting a drunk person drive his car, but he later stated that the driver looked fine. He said the only thing he could remember about the driver was that he had long brown hair. He said he did not go back to the Silver Spur to try to find the driver because he would be tempted to drink. Upon the foregoing proof, the defendant was convicted of DUI- aiding and abetting.

The defendant contends that the evidence is insufficient to support his conviction. He argues that the state did not prove that the person who drove his car was intoxicated. The state contends that the evidence is sufficient.

Our standard of review when the sufficiency of the evidence is questioned on appeal is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). This means that we do not reweigh the evidence but presume that

3

the jury has resolved all conflicts in the testimony and drawn all reasonable inferences from the evidence in favor of the state. See State v. Sheffield, 676 S.W.2d 542, 547 (Tenn. 1984); State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

The statute prohibiting DUI provides as follows:

> It is unlawful for any person to drive or to be in physical control of any automobile or other motor driven vehicle on any of the public roads and highways of the state, or on any streets or alleys . . . while:
>
> (1) Under the influence of any intoxicant . . .; or
>
> (2) The alcohol concentration in such person's blood or breath is ten-hundredths of one percent (.10%) or more.

Tenn. Code Ann. § 55-10-401(a). Pursuant to Tenn. Code Ann. § 55-10-201, any person who aids or abets in the commission of driving while under the influence of an intoxicant as a principal, agent or accessory is guilty of DUI.

The defendant contends that the state did not prove that the driver of the defendant's car was intoxicated. However, at trial, the defendant admitted that he let a drunk person drive his car. He stated that "a drunk is a drunk, and I don't know who [the driver] was." He stated that the men with whom he was drinking were drinking harder than he was. The jury obviously accredited this portion of the defendant's testimony. In the light most favorable to the state, we hold that the evidence is sufficient. See Williams v. State, 352 S.W.2d 230, 230 (Tenn. 1961) (holding that the defendant "was the owner of the car, was present on the front seat with [the driver], permitted him to drive the car, knowing he was drunk, and thus was guilty of [DUI].").

In consideration of the foregoing and the record as a whole, we affirm the judgment of conviction.

_____
Joseph M. Tipton, Judge

4

CONCUR:


_____
John Everett Williams, Judge


_____
Alan E. Glenn, Judge