STATE v. MOSE LEVY.

(Filed 8 April, 1931.)

**Indictment C c—Motion to quash or in abatement on ground that finding of grand jury was based on hearsay evidence will not be granted.**

Where in a prosecution of a criminal action the defendant moves to quash the bill of indictment or offers a plea in abatement on the ground that incompetent evidence was considered and that there was no competent evidence heard by the grand jury, in that the finding of a true bill was based exclusively on hearsay evidence of two witnesses: *Held*, the action of the trial judge in refusing to hear the testimony of the witnesses before the grand jury that their testimony before it was hearsay, is not error, the distinction between incompetent evidence and testimony of disqualified witnesses pointed out by ADAMS, J.

APPEAL by defendant from *Stack, J.,* at October Term, 1930, of DURHAM. No error.

The defendant was indicted for a breach of C. S., 4237, which is as follows: "If any person shall, with intent to commit larceny or other felony, break any seal upon a railroad car containing any goods, wares, freight or other thing of value, or shall unlawfully and wilfully break or enter into any railroad car containing any goods, wares, freight or other thing of value, such person shall upon conviction be punished by confinement in the penitentiary in the discretion of the court for a term not exceeding five years. Any person found unlawfully in such car shall be presumed to have entered in violation of this section."

In addition, the indictment charged the defendant with larceny and with receiving stolen property knowing it to have been stolen. The jury returned a general verdict: "Guilty thereof in manner and form as charged in the bill of indictment." Judgment was pronounced and the defendant appealed upon exceptions stated in the opinion.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*McLendon & Hedrick and Long & Young for defendant.*

ADAMS, J. When this case came on for trial there was another in which A. M. Maddry, J. O. D. Gholson, Arthur O'Kelly, and Luther Smith were jointly charged with the offenses for which the defendant Levy was prosecuted. A *nolle prosequi* was entered as to O'Kelly, and Maddry, Gholson and Luther Smith pleaded guilty. Before judgment was pronounced against them the case against Levy was called, and before pleading Levy moved that the indictment against him be

quashed on the ground that it had been returned as a true bill upon testimony which was incompetent because based entirely upon hearsay, and that no competent evidence had been heard by the grand jury. He offered to prove this by the witnesses who had testified before that body. The trial judge refused to hear testimony to this effect, but said he would permit the defendant to prove during the trial that the bill had been returned upon "improper and insufficient evidence."

When the State rested its case the defendant introduced the two witnesses who had been called before the grand jury, each of whom would have testified (in fact Brown did testify) that his information of the defendant's participation in the offenses charged was based entirely upon hearsay. King, the other witness, then testified that he had been examined by the grand jury; whereupon the court stated that the proposed evidence was not pertinent and stopped the examination. So, the main contention of the defendant is this: not merely that incompetent evidence was considered, but that no competent evidence was heard by the grand jury, and that for the latter reason the bill should have been quashed.

Disregarding as unnecessary for our present purpose the distinction between a motion to quash an indictment and a plea in abatement, we prefer to decide the question squarely on the merits. In reference to it, investigation discloses diversity of opinion. Some of the text-books and decisions adhere to the doctrine that the grand jury should not find an indictment upon insufficient evidence. Others say that the sufficiency of the evidence before the grand jury cannot be inquired into by the Superior Court on a plea to abate or a motion to quash. By others it is written that an indictment should not be returned as a true bill upon the testimony of witnesses who are incompetent. It may be noted that confusion is sometimes caused by using the word "incompetent" as synonymous with "disqualified." Annotation, 31 A. L. R., 1479; 28 L. R. A., 324.

In *S. v. Cain,* 8 N. C., 352, it was held that a bill must be quashed if found by a grand jury upon the testimony of witnesses who were not duly sworn; and in *S. v. Roberts,* 19 N. C., 540, it was said that an indictment may be suppressed by a motion to quash or a plea to abate if it was found without evidence, or upon illegal evidence, as upon the testimony of unsworn witnesses. These cases were followed by *S. v. Barnes,* 52 N. C., 21, in which it was held that the bill should be quashed if, when the motion is made, there is no evidence before the court that the witnesses examined by the grand jury testified under oath. In *S. v. Ivey,* 100 N. C., 539, the bill was quashed because it was shown that the grand jury had acted without evidence.

The defendant seems to rely chiefly on *S. v. Coates,* 130 N. C., 701. In that case it is said: "When an indictment is found upon testimony all of which is incompetent, or of witnesses, all of whom were disqualified, the bill will be quashed; but when some of the testimony, or some of the witnesses before the grand jury, were incompetent, the Court will not go into the barren inquiry how far such testimony or such witnesses contributed to finding the bill." In construing this language we must not lose sight of the facts or of the cases cited in the opinion. The defendant Garrett Coates was indicted for an assault upon Zanie Coates. Zanie and the defendant's wife were sworn and examined as witnesses before the grand jury. The defendant moved to quash the bill because his wife had been examined against him, she being neither competent nor compellable to give evidence against her husband. C. S., 1802. She was disqualified to testify. It was long since held that the testimony of a disqualified witness should not be received. *S. v. Fellows,* 3 N. C., 340. The testimony of Zanie was competent. It will be observed, therefore, that the decision in the *Coates case* is not based upon the technical incompetency of evidence as distinguished from the disqualification of the witness. That the word "incompetent" was used in the sense of "disqualified" or "illegal" is obvious from the reference to *S. v. Tucker,* 20 Iowa, 508 (page 702 of the *Coates case):* "It is held that the admission of incompetent testimony (the wife against the husband)," etc. So it is as to other cases therein cited. In *S. v. Krider,* 78 N. C., 481, the two defendants were examined before the grand jury, each against the other. On appeal to the Supreme Court the practice was condemned, but in the Superior Court no objection had been made as to the insufficiency of the bill.

The cases to which we have referred are not authority for the defendant's position. Nor are we inclined to accept his view, although it has the support of writers whose opinions are entitled to great respect. As Underhill remarked, "It would be intolerable in practice to confine grand juries to the technical rules of evidence." Criminal Evidence (3 ed.), sec. 71. The suggested practice would hinder the trial and result in useless delay. It would often require the examination of a number of witnesses, including, perchance, members of the grand jury; it would demand of the judge that he invade the province of the grand jury or exercise the functions of a petit jury in finding the facts from conflicting evidence and passing upon the credibility of witnesses; it would turn the Superior Court into a forum for an unseemly contest between members of the grand jury and those whom they may have charged with crime. Besides, such practice is unnecessary; if the evidence is incompetent it will be excluded by the trial court.

We adhere to the decisions of this Court as heretofore declared, but are unwilling to enlarge their scope to the extent proposed by the defendant in this action.

There are several obvious reasons for refusing the defendant's prayer for instructions. We find

No error.