STATE v. LLOYD WITHERINGTON.

(Filed 20 March, 1946.)

**Kidnapping §§ 1, 2—**

> Kidnapping is the taking and carrying away of a human being by physical force or by fraud, done unlawfully or without lawful authority, and a charge defining the offense as forcibly taking and carrying away of a human being *is held* for error as being incomplete. G. S., 14-39.

SEAWELL, J., dissents.

APPEAL by defendant from *Carr, J.,* at November Term, 1945, of WAYNE.

Criminal prosecution upon indictment charging that defendant "unlawfully, willfully and feloniously did forcibly kidnap and carry away Mary Simmons against the form of the statute in such case," etc.

Verdict: Guilty as charged in the bill of indictment.

Judgment: Confinement in the county jail for a term of two years assigned to work the roads under the supervision of the State Highway and Public Works Commission.

Defendant appeals therefrom to Supreme Court and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*George R. Britt and J. Faison Thomson for defendant, appellant.*

WINBORNE, J. Among the assignments of error brought forward by defendant on this appeal is that directed to the following portion of the charge given by the court to the jury: "If the State has satisfied you beyond a reasonable doubt from the evidence that the defendant on the day in question, to wit, the third day of March, 1945, did forcibly take and carry away the person of the prosecuting witness, Mary Simmons, from her home some distance from her home, it would be your duty to return a verdict of guilty of kidnapping as charged in the bill of indictment." We think the exception to this charge is well taken in that the definition of the offense, as given, is not complete.

The statute relating to kidnapping, G. S., 14-39, provides, in pertinent part, that "it shall be unlawful for any person . . . to kidnap . . . any human being . . ." Thus it appears that the General Assembly in taking cognizance of the offense, has not undertaken to define the word "kidnap" nor to give it expressly its technical common law meaning. In fact, this Court in the case of *S. v. Harrison,* 145 N. C., 408, 59 S. E., 867, declined to hold as erroneous the refusal of a request for instruction in which it was sought to give to the word "kidnap," as used in the statute, a technical meaning as at common law.

The word "kidnap," as defined by Webster, means: "To carry (anyone) away by unlawful force or by fraud, and against his will, or to seize and detain him for the purpose of so carrying him away." Moreover, in American Jurisprudence, the author, in treating of the subject, states that "the generally accepted basic element of the crime of kidnapping is the taking or detaining of a person against his will and without any lawful authority." 31 Amer. Jur., 815. And in the *S. v. Harrison case, supra,* the court instructed the jury that "by kidnapping is meant the taking and carrying away of a person forcibly or fraudulently." However, reference to the record on appeal in that case discloses that the instruction as given was not the subject of an exception.

In the light of these definitions, we are of opinion that a finding that defendant "did forcibly take and carry away" the person of Mary Simmons, without more, is insufficient to constitute the crime of kidnapping with which he is charged. The word "forcibly" as so used means "ef-

fected by force used against opposition or resistance," or "obtained by compulsion or violence," that is, physical force. However, "a taking and carrying away" effected or obtained by fraud would constitute an element of the offense as completely as if effected or obtained by force. But regardless of the means used, by which the taking and carrying away is effected, there must be further finding that the taking and carrying away was unlawful or done without lawful authority, or effected by fraud.

It is fair to the learned judge, who tried this case, to say that in the first part of his charge he gave the definition of "kidnapping" which was used by the trial judge in *S. v. Harrison, supra,* as hereinabove quoted. But the portion to which exception is here taken is the last instruction, or parting word, given to the jury, and the only one in which the definition was applied to the facts. And in doing so the judge was probably influenced by the phraseology of the definition as used in the *Harrison case, supra.*

Since there must be a new trial, other exceptions are not considered as the matters to which they relate may not recur on another trial.

Let there be a

New trial.

SEAWELL, J., dissents.