STATE v. ELVIN GRAY SQUIRES.

(Filed 29 September, 1965.)

**1. Indictment and Warrant § 4—**

That some of the evidence before the grand jury was hearsay and incompetent is not ground for quashal of the indictment.

**2. Witnesses § 2—**

The trial court's finding that a witness was mentally competent to testify is conclusive.

APPEAL by defendant from *Morris, J.,* January 18, 1965 Criminal Session, DUPLIN Superior Court.

Criminal prosecution upon an indictment charging that Elvin G. Squires "beginning about January 1, 1963 and continuing on occasions through April 18, 1964, . . . feloniously and incestuously did have carnal intercourse with his minor daughter (naming her)." The evidence, including the testimony of the daughter, her mother, brother, Dr. Quinn, the sheriff, and the welfare officer of Duplin County, was ample to support the charge contained in the indictment. The defendant testified in his own behalf and denied the charge. From a verdict of guilty and judgment thereon, the defendant appealed.

*T. W. Bruton, Attorney General; Charles D. Barham, Jr., Assistant Attorney General; Wilson B. Partin, Jr., Staff Attorney for the State. Charles L. Abernethy, Jr., for defendant appellant.*

PER CURIAM. Upon arraignment, counsel questioned the mental capacity of the defendant to plead to the indictment and to conduct his defense. Pursuant to court order he was committed to Dorothea Dix Hospital for observation. At the end of the examination period the authorities certified the defendant was mentally competent to stand trial.

The record discloses: "On calling the case for trial the defendant, through counsel, Charles L. Abernethy, Jr., enters a plea of not guilty

and moves to quash the bill of indictment." Disregarding the question whether the motion to quash was timely made (after plea) the reason assigned (hearsay testimony before the grand jury) was insufficient to invalidate the indictment. *Costello v. U. S.,* 350 U.S. 359, 100 L. Ed. 397. The court, after inquiry, overruled defendant's challenge to the competency of the prosecuting witness to testify. The court's finding of competency was warranted by the showing made and hence is conclusive. *State v. Levy,* 200 N.C. 586, 158 S.E. 94.

The questions presented and argued here, as well as the face of the record, disclose that in the trial there was

No error.