STATE OF NORTH CAROLINA v. ROBERT D. TURNER, CASE No. 8217
AND
STATE OF NORTH CAROLINA v. ROBERT D. TURNER, CASE No. 8218.

(Filed 12 October, 1966.)

**1. Kidnapping § 2—**

An indictment charging that defendant "unlawfully, wilfully, feloniously and forcibly did kidnap" a named female person is sufficient, since the word "kidnap" has a definite legal meaning.

**2. Indictment and Warrant § 4—**

While an indictment will be quashed when the only witness examined by the grand jury is disqualified, as a matter of law, from giving any testimony against the defendant with reference to the matter under investigation, if the sole witness before the grand jury is a competent witness the indictment returned by the grand jury will not be quashed upon a showing that such witness gave testimony which would not be competent at the trial, even though such witness testifies at the trial that his testimony at the trial is based entirely upon what the alleged victim said and did in his presence.

**3. Criminal Law § 87—**

The consolidation of indictments, charging defendant with rape and kidnapping, based upon a single occurrence, rests within the discretionary power of the trial court. G.S. 15-152.

State *v.* Turner.

**4. Witnesses § 1—**

Whether a child is competent as a witness depends upon the capacity of the child to understand and to relate under the obligation of an oath facts which will assist the jury in determining the truth of the matters in issue, and is to be determined by the court in its sound discretion in the light of the court's examination and observation of the particular child upon the *voir dire.*

**5. Same—**

The holding of the trial court that a nine-year old child was competent as a witness, based upon the court's examination of the child upon the *voir dire* with reference to the child's intelligence, understanding and religious beliefs concerning the telling of falsehoods, is upheld.

**6. Criminal Law § 160—**

The test whether technical error is prejudicial is to be determined upon the basis of whether there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises, and a new trial will not be granted for mere technical error which could not have possibly affected the result.

**7. Criminal Law §§ 108, 161—**

Defendant was charged with rape of an eight-year old child. The testimony of the child and the child's mother at the trial that at the time of the occurrence she was eight years of age was uncontradicted, and defendant objected to the child's testimony on the ground that she was too young to be a competent witness. *Held:* A statement of the court as to the law applicable to an attack upon a child under the age of 12 years "as is true here" cannot have been prejudicial.

Appeal by defendant from *Houk, J.,* at the 31 January 1966 Criminal Session of Gaston.

These are two cases consolidated for trial, over the objection of the defendant. In the first, the indictment, which is conceded to be proper in form, charges that the defendant on 15 August 1965 raped a female person named therein and described in the indictment as "a female, eight years of age." The second indictment charges that on the same day the defendant "unlawfully, wilfully, feloniously, and forcibly did kidnap" the same child. The defendant entered a plea of not guilty to each indictment.

The jury returned a verdict of guilty of rape, with the recommendation of life imprisonment, and a verdict of guilty of kidnapping. Upon the first charge, the defendant was sentenced to confinement in the State's Prison for the term of his natural life. Upon the second charge, he was sentenced to confinement in the State's Prison for a term of not less than 10 nor more than 15 years, this sentence to run concurrently with the sentence of life imprisonment. He has appealed to this Court in both cases.

The child, alleged to have been the victim of the kidnapping and rape, testified for the State, over the objection of the defendant. The objection, as is disclosed both in the record and in the defendant's brief, was that due to her age she was not a competent witness. She was examined in the absence of the jury and the court found her to be a competent witness. She thereupon testified that at the time of the trial she was nine years of age. Her mother, also a witness for the State, testified that at the time of the occurrences in question the child was eight years of age, her ninth birthday having occurred between these events and the trial. There was no contrary testimony as to the age of the little girl.

The child testified that as she was walking from her home to Sunday School on 15 August 1965, the defendant, whom she identified positively in the courtroom, stopped the motorcycle on which he was riding and asked her if she wanted to ride. She refused and he picked her up by the arm pits, placed her on the back of the motorcycle and rode off with her, refused to stop and let her off as they passed the church, thereafter turned off of the road and proceeded to a trash dump in an uninhabited wooded area, where he stopped the motorcycle, took her off and, holding her by the hand, told her to "shut up" when she "hollered" and threatened to "take his belt off" to her. She thereupon testified to acts of the defendant, which it would serve no useful purpose to recount, but which testimony, if true, was amply sufficient to support a verdict of guilty of rape. She testified that the defendant held his hand over her mouth and slapped her as she screamed. She testified that upon the completion of such acts, the defendant left her there and rode away on his motorcycle, she finding her way back to the road and thence to her home. Her mother testified that upon her arrival there, approximately one hour after she left to go to her Sunday School, the child was hysterical and out of breath, and that her underclothing was stained with blood, which was not the case when she left her home on her way to the church.

The State introduced testimony of adult witnesses tending to corroborate the child's testimony with reference to her being picked up forcibly and against her will, placed upon the motorcycle and carried away. The State also offered medical testimony tending to corroborate the remainder of her account of her experiences.

The defendant testified in his own behalf and introduced testimony of other witnesses, his defense being an alibi. His testimony was to the effect that at the time of the alleged offenses he was in Gaffney, South Carolina, some 30 miles distant from the scene where these events are alleged to have occurred, and that he was

in Gaffney, or its immediate vicinity, throughout the entire day of 15 August 1965.

Two adult witnesses for the State testified that they knew the defendant and saw him at their home, approximately a quarter of a mile from the scene of the alleged kidnapping, between 8:30 a.m. and 9 a.m. on Sunday, 15 August 1965, this being only a few minutes before the alleged kidnapping occurred. They testified that he left their home riding a motorcycle, which was present in the courtroom, and identified by these witnesses. It was also identified by the child as the vehicle on which she was carried away. The defendant, in his testimony, stated that this motorcycle was in his possession on 15 August 1965.

Prior to entering his plea to either of them, the defendant moved to quash both indictments upon the grounds that they were not sufficient in form to allege the offenses which they sought to allege; and that the only witness who testified before the grand jury was Captain Auten of the Gaston Rural Police, who, when testifying at the trial as a witness for the State, said that all of his testimony so given at the trial was based upon what the little girl said and did in his presence after the alleged occurrences had taken place, and that he, himself, knew nothing about what had actually happened on 15 August 1965 because he was not there and had not seen the occurrence. The motions to quash were overruled. The defendant excepted and now assigns these rulings as error.

The defendant also assigns as error the consolidation of the cases for trial over his objection, the reception of the testimony of the little girl, certain portions of and alleged omissions from the charge of the court to the jury, and other rulings made during the progress of the trial.

*Attorney General Bruton and Assistant Attorney General Rich for the State.*

*Hollowell & Stott by J. Ralph Phillips and Grady B. Stott for appellant.*

LAKE, J. There was no error in the denial of the motions to quash the indictments. The defendant concedes in his brief that the indictment charging rape was sufficient in form. The indictment charging the offense of kidnapping was likewise in proper form. In *State v. Mallory and Lowry*, 263 N.C. 536, 139 S.E. 2d 870, Moore, J., speaking for the Court, said:

> "The word 'kidnap,' * * * as used in G.S. 14-39, means the unlawful taking and carrying away of a person by force

and against his will (the common law definition). * * * It is the fact, not the distance of forcible removal of the victim that constitutes kidnapping."

The indictment in the *Mallory* case charged that the defendants "unlawfully, wilfully, feloniously and forcibly did kidnap one Mabel Stegall." The convictions upon this indictment were affirmed.

To the same effect, see *State v. Witherington*, 226 N.C. 211, 37 S.E. 2d 497. There, the indictment, as in the present case, charged that the defendant "unlawfully, wilfully and feloniously did forcibly kidnap and carry away" the designated person against the form of the statute, etc. A new trial was ordered in the *Witherington* case for error in the charge, but there was no suggestion that the indictment was not sufficient.

The indictments in the present case are not shown to be defective by the testimony of Captain Auten at the trial. It does not appear in the record and it cannot be determined what testimony Captain Auten gave before the grand jury. Conceivably, he may have testified there inconsistently with his testimony at the trial. It is also conceivable, though there is nothing to so indicate, that his testimony before the grand jury included statements made to him by the defendant under circumstances making them competent evidence. No such statements were offered in evidence at the trial. Thus, the testimony of the officer that his testimony at the trial was based entirely upon what the little girl said and did in the officer's presence, after the occurrences in question, is not necessarily a showing that all of his testimony before the grand jury was similarly based.

Be that as it may, *State v. Levy*, 200 N.C. 586, 158 S.E. 94, decided the question now raised by the defendant adversely to his contention. There, the defendant moved to quash the indictment on the ground that the grand jury had returned it as a true bill "upon testimony which was incompetent because based entirely upon hearsay, and that no competent evidence had been heard by the grand jury." Adams, J., speaking for the Court, said:

> "So the main contention of the defendant is this: not merely that incompetent evidence was considered, but that no competent evidence was heard by the grand jury, and that for the latter reason the bill should have been quashed. * * *
>
> "The cases to which we have been referred are not authority for the defendant's position. Nor are we inclined to accept his view, although it has the support of writers whose opinions are entitled to great respect. As Underhill remarked, 'It would be intolerable in practice to confine grand juries to the technical rules of evidence.' * * * No error."

For more recent discussions of the question, see *State v. Squires,* 265 N.C. 388, 144 S.E. 2d 49; *State v. Goldberg,* 261 N.C. 181, 134 S.E. 2d 334.

In *Costello v. United States,* 350 U.S. 359, 76 S. Ct. 406, 100 L. ed. 397, the Supreme Court of the United States held that a conviction under an indictment "based solely upon the evidence of government witnesses having no first hand knowledge of the transactions upon which they based their computations showing that Costello and his wife had received far greater income than they had reported" did not violate the rights of the defendant under the Fifth Amendment to the United States Constitution.

If the only witnesses examined by the grand jury are disqualified, as a matter of law, from giving any testimony against the defendant with reference to the matter under investigation, an indictment returned a true bill upon such testimony should be quashed. If, however, the witness before the grand jury is a competent witness, the indictment so returned by the grand jury will not be quashed upon a showing that such witness gave testimony which would not be competent testimony at the trial. This is true though such witness be the only witness who appeared before the grand jury and though, at the trial, he gives testimony which he there acknowledges to be based entirely upon what the alleged victim of an attack told him thereafter, and did in his presence. See Watts, *Grand Jury: Sleeping Watchdog or Expensive Antique,* 37 North Carolina Law Review, 290, 309.

The consolidation of the two cases for trial was a matter in the sound discretion of the trial court and in this ruling there was no error. G.S. 15-152; *State v. Hamilton,* 264 N.C. 277, 141 S.E. 2d 506; *State v. White,* 256 N.C. 244, 123 S.E. 2d 483; *State v. Combs,* 200 N.C. 671, 158 S.E. 252.

There was no error in holding that the little girl who was the alleged victim of these offenses was a competent witness. *Artesani v. Gritton,* 252 N.C. 463, 113 S.E. 2d 895; *State v. Merritt,* 236 N.C. 363, 72 S.E. 2d 754; *State v. Gibson,* 221 N.C. 252, 20 S.E. 2d 51; Wigmore on Evidence, 3rd ed., § 505. There is no age below which one is incompetent, as a matter of law, to testify. The test of competency is the capacity of the proposed witness to understand and to relate under the obligation of an oath facts which will assist the jury in determining the truth of the matters as to which it is called upon to decide. This is a matter which rests in the sound discretion of the trial judge in the light of his examination and observation of the particular witness. In the present case, the child was examined with reference to her intelligence, understanding and religious beliefs concerning the telling of a falsehood, all of which took place

out of the presence of the jury. The record indicates that she was alert, intelligent and fully aware of the necessity for telling the truth.

In the course of the trial, there was a considerable amount of bickering between the solicitor and counsel for the defendant. Counsel for the defendant objected to portions of the solicitor's argument to the jury. On account of these matters and certain questions propounded to witnesses by the solicitor, the defendant moved for a mistrial. We find no error in the denial of these motions.

In the course of his lengthy charge to the jury, the court below said:

"The first case, the rape case, is a statutory crime. The crime of rape in the law of North Carolina is codified in our General Statutes as Chapter 14, Section 21, of the General Statutes of this State, and the particular section of that Statute with which we are dealing has to do with carnal connection — sexual intercourse — with a child under the age of twelve years, as is true here. * * * Now, the act of carnally knowing and abusing a female child under the age of twelve years is rape as a matter of law. Consent is no defense. There is no evidence of any consent here, but it wouldn't have been consent if it were offered, since a child of that age is presumed by law to be incapable of consent. Neither is force nor intent on the part of the one charged an element. In other words, the State of North Carolina has to prove beyond a reasonable doubt that this defendant had carnal connection and knowledge — carnal connection with this girl, she being a child of eight years old. It does not have to prove that it was forcible, although it has alleged it in the Bill of Indictment. That is, it's not a necessary element."

The defendant contends that it was reversible error for the court to include in the foregoing statement the words "with a child under the age of twelve years, as is true here." His contention is that this is a violation of G.S. 1-180, which provides:

"No judge, in giving a charge to the petit jury, either in a civil or criminal action, shall give an opinion whether a fact is fully or sufficiently proven, that being the true office and province of the jury, but he shall declare and explain the law arising on the evidence given in the case."

The evidence of the State was amply sufficient to support a verdict of forcible rape in view of the relative ages, sizes and strengths of the defendant and the child. There was no evidence of consent on her part. However, the charge of the court, above quoted, did not submit the case to the jury on this theory but on the theory of rape

of a child under the age of twelve. Consequently, the age of the child was a material fact.

The insertion in the above portion of the charge of the words "as is true here" undoubtedly suggests that the judge considered the child to be under the age of twelve years. It is error for the judge, whether in his charge to the jury or at any other time during the course of the trial, by direct statement or otherwise, to intimate to the jury his own opinion concerning the sufficiency of the evidence to show the existence of a material fact, but such error is not cause for a new trial if it falls within the category of harmless, nonprejudicial error. The seriousness of the offense charged and the severity of the potential penalty therefor do not constitute or affect the test to be applied in determining whether an error is prejudicial or nonprejudicial. The test is not the possibility of a different result upon another trial. The test is whether there is a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises. Johnson, J., speaking for the Court, said in *Glenn v. Raleigh,* 248 N.C. 378, 103 S.E. 2d 482:

> "Verdicts and judgments are not to be set aside for mere error and no more. To accomplish this result it must be made to appear not only that the ruling complained of is erroneous, but also that it is material and prejudicial and that a different result likely would have ensued, with the burden being on the appellant to show this."

That the rule is the same in criminal appeals, see *State v. Rainey,* 236 N.C. 738, 74 S.E. 2d 39, and cases there cited. In *State v. Bryant,* 236 N.C. 745, 73 S.E. 2d 791, Barnhill, J., later C.J., after conceding error in the charge by the trial judge, said:

> "*On this record* he [the defendant] could have no reasonable hope of acquittal in a future trial, for such a verdict would manifest a clear miscarriage of justice. Hence the verdict and judgment must be sustained." (Emphasis added.)

In *State v. Bovender,* 233 N.C. 683, 65 S.E. 2d 323, Devin, J., later C.J., said:

> "Verdicts and judgments are not to be lightly set aside, nor for any improper ruling which did not materially and adversely affect the result of the trial. *Collins v. Lamb,* 215 N.C. 719, 2 S.E. 2d 863. An error can not be regarded as prejudicial unless there is a reasonable probability that the result would have been different."

Thus, it is not sufficient that an error crept into the judge's charge unless, upon the entire record of the trial, it appears that there is a reasonable basis for the belief that, had this error not been committed, a different verdict would have been rendered. It is inconceivable that, upon this record, the jury would have acquitted the defendant on the ground that the little girl was twelve years of age or over had the judge omitted from his charge the words "as is true in this case." There was no contradiction of the testimony of the mother and of the child, herself, that at the time of the occurrences she was eight years of age. But the determination of her age was not limited to a conclusion reached on the basis of oral testimony. The child, herself, was present and testified and was observed by the jury. When she took the stand, the defendant objected to the reception of any testimony given by her on the ground that she was too young to be a competent witness. Whatever may be true in another case, where the person in question is nearer to the determinative age or where the age is sought to be established by the testimony of others, without the presence of the person in question in the courtroom, this record indicates no basis for the conclusion that had the objectionable language been omitted from the charge a different verdict would have been reached.

The age of the child is no more material to the proof of the offense than is her sex. Extreme technicality might lead to the conclusion that the judge was expressing an opinion concerning a material fact when, throughout his charge, he referred to this child as "this little girl" or used the feminine pronouns to designate her, but to grant a new trial on that ground would be an absurdity which the law does not require. Upon this record, it appears equally unreasonable to conclude that the defendant was prejudiced by the language of which he complains. We, therefore, conclude that this error in the charge was not prejudicial and is not sufficient to warrant a new trial.

We have carefully considered each other assignment of error and find no merit therein. Other portions of the charge to which exception is taken appear not to be erroneous when read in context and when considered in the light of the charge as a whole.

No error.