STATE OF NORTH CAROLINA v. ROBERT LEE WALL.

(Filed 28 February, 1968.)

**Indictment and Warrant § 4—**

An indictment is not subject to quashal on the ground that the testimony of the witness who appeared before the grand jury was hearsay.

HUSKINS, J., took no part in the consideration or decision of this case.

APPEAL by the State from *Crissman, J.,* 25 September 1967 Criminal Session of GUILFORD, High Point Division. This case was docketed and argued at Fall Term 1967 as No. 682-B.

Defendant Robert Lee Wall was charged in a bill of indictment with armed robbery. Prior to entering a plea, he moved to quash the bill of indictment on the ground that all the evidence before the grand jury was incompetent, in that it was hearsay.

On *voir dire,* Lindsay Royal, a detective with the High Point Police Department, testified in substance as follows:

Royal was the sole witness appearing before the grand jury. He had investigated this case and had signed the warrant against defendant. He did not have any independent knowledge of the case but had talked to a number of people, including the alleged victim, during the course of his investigation. Aside from a preliminary hearing in municipal court, no one had made statements to him implicating defendant in the latter's presence. In a conversation with defendant, he denied participation in the robbery.

"THE COURT: That is what you told the Grand Jury, is what somebody else told you?

THE WITNESS: That is correct."

During the course of his investigation Royal obtained the gun that was allegedly used in the robbery, which he exhibited to the grand jury. He determined that the owner of the gun was someone other than defendant.

The court entered order allowing defendant's motion to quash the bill of indictment. The State appealed.

*Attorney General Bruton and Staff Attorney Vanore for the State.
Edward K. Washington for defendant.*

PER CURIAM.   It is not contended that the witness who appeared before the grand jury was disqualified from giving testimony as a matter of law. Thus, the sole question presented by this appeal is: Did the trial court err in allowing defendant's motion to quash on the ground that the indictment was returned solely on hearsay evidence?

In the case of *State v. Levy,* 200 N.C. 586, 158 S.E. 94, the defendant moved to quash the indictment on the ground that the grand jury had returned the indictment as a true bill "upon testimony which was incompetent because based entirely upon hearsay, and that no competent evidence had been heard by the grand jury." The defendant tendered witnesses who had testified before the grand jury to prove this contention, and the trial judge refused to hear testimony to this effect on the motion to quash, but stated that he would permit defendant to prove during the trial that the bill had been returned "upon improper and insufficient evidence."

Finding no error in the trial below, this Court stated:

". . . So, the main contention of the defendant is this: not merely that incompetent evidence was considered, but that no competent evidence was heard by the grand jury, and that for the latter reason the bill should have been quashed.

    . . .

"The cases to which we have referred are not authority for the defendant's position. Nor are we inclined to accept his view, although it has the support of writers whose opinions are entitled to great respect. As Underhill remarked, 'It would be intolerable in practice to confine grand juries to the technical rules of evidence.' Criminal Evidence (3 ed.) sec. 71. The suggested practice would hinder the trial and result in useless delay. . . ."

This case was quoted from with approval by Lake, J., speaking for the Court in the case of *State v. Turner,* 268 N.C. 225, 150 S.E. 2d 406. See also *Costello v. U. S.,* 350 U.S. 359.

By authority of the cases herein cited, the action of the trial judge in allowing the motion to quash is

Reversed.

HUSKINS, J., took no part in the consideration or decision of this case.