STATE OF NORTH CAROLINA v. DAVID LEON MITCHELL

AND

STATE OF NORTH CAROLINA v. CHARLES McKINZIE

AND

STATE OF NORTH CAROLINA v. MATHEW McKINZIE

No. 695SC548

(Filed 17 December 1969)

**1. Criminal Law § 60—　reason fingerprints not taken — nonexpert testimony**

Defendants were not prejudiced when the court allowed a police officer who had not been qualified as a fingerprint expert to testify that no fingerprints were taken from a pistol because it was wet.

**2. Robbery § 4—　aiding and abetting — sufficiency of evidence**

In this armed robbery prosecution, the State's evidence was sufficient for submission of the case against two defendants to the jury under the law of aiding and abetting where it tended to show that, although they did not say anything or exhibit any weapon, they were with the actual perpetrator of the robbery before, during and after the robbery and when they were arrested.

**3. Criminal Law § 113—　instructions — aiding and abetting — undue emphasis**

In this prosecution of three defendants for armed robbery, fact that the law pertaining to aiding and abetting was mentioned in more than one place in the charge is not undue emphasis and did not prejudice the two defendants against whom the case was submitted to the jury under the law of aiding and abetting.

**4. Criminal Law §§ 102, 116, 165—　failure of defendants to testify — argument of solicitor — instructions**

Prejudicial effect of any remarks the solicitor may have made relating to the failure of defendants to take the stand was removed when, immediately upon objection by defendants' counsel to the solicitor's remarks, the court admonished the solicitor not to make inferential observations that would suggest that defendants had not taken the stand, and the court charged the jury that defendants had the absolute right not to take the stand and that the fact they did not could not be considered prejudicial to their case.

**5. Criminal Law § 132—　motion to set aside verdict as contrary to weight of evidence**

A motion to set aside the verdict as being contrary to the weight of the evidence is addressed to the discretion of the trial judge, whose ruling will not be disturbed in the absence of abuse of that discretion.

**6. Indictment and Warrant §§ 4, 14—　hearsay testimony before grand jury — quashal of indictment**

An indictment is not subject to quashal on the ground that the testimony before the grand jury was based on hearsay.

APPEAL by defendants from *Mintz, J.*, 21 July 1969 Session, NEW HANOVER Superior Court.

All three defendants were found guilty by a jury of armed robbery. Defendant Mitchell was sentenced to serve a term of not less than nine nor more than twelve years; defendant Charles McKinzie was sentenced to serve a term of not less than five nor more than six years and defendant Mathew McKinzie was sentenced to serve a term of not less than five nor more than seven years.

The evidence for the State tends to show that about 11:30 p.m. on 20 June 1969 Wilbur Lunn had left his aunt's house in the 1000 block of North 6th Street in Wilmington and was walking down 6th Street just behind the three defendants, none of whom he knew. As Lunn was preparing to cross the street, defendant Mitchell pulled a black, pearl handled pistol which looked like a .22 caliber and told Lunn to drop his pocketbook, keep walking and not to look back. Lunn did as he was told. After he had walked 200 or 250 feet he was told by Mitchell to come back and get his wallet. Lunn testified that he begged the defendants not to shoot him and was told by Mitchell that he was not going to be shot, that he should just pick up his wallet and walk on. Lunn testified that he walked about 150 yards to a house and called the police. He later discovered that $5.00 had been removed from his wallet. He testified that he had not heard either of the McKinzies say anything. Lunn identified a .22 caliber pistol, State's Exhibit No. 1, as looking like the same gun with which he was held up.

Police Officer J. F. Newber testified that while on duty on the night in question he received a call about 11:30 p.m. to go to the 900 block of North 6th Street, where he talked with Lunn. Lunn reported he had been robbed, gave a description of his assailants and pointed in the direction that they had last been seen. Newber began patrolling the area and first saw the defendants walking together near the railroad bridge on 6th Street about two blocks from where he had talked to Lunn. He notified a detective, Officer Fredlaw, and apparently, though it is not clear from the record, they both made the arrest about four blocks from where Officer Newber had talked with Lunn.

Police Lieutenant C. E. Wilson testified that about 6:10 a.m. on the morning following the alleged robbery he went to the vicinity of the railroad bridge and found a .22 caliber pistol which he identified as State's Exhibit No. 1. On cross-examination he testified that he did not take any fingerprints from the pistol. On redirect examina-

tion he testified, after defendants' objection was overruled, that he did not get any fingerprints because the pistol was "good and wet".

The State rested its case, defendants presented no evidence and moved for nonsuit, which motion was denied. After the charge of the court defendants moved the court to set aside the verdict and grant a new trial because of the improper argument of the solicitor to the jury, to set aside the verdict as being contrary to the weight of the evidence, to set aside the verdict for errors committed in the trial and to arrest the judgment. All motions were denied.

From judgments entered on the jury verdict, defendants appealed.

*Attorney General Robert Morgan by Trial Attorney Robert G. Webb for the State.*

*James L. Nelson for defendant appellants.*

MORRIS, J.

[1]    By assignment of error No. 1 defendants contend that it was error for the court to allow Police Lieutenant Wilson to testify with reference to not having taken any fingerprints from the pistol without first having found him to be an expert. This contention is without merit and is overruled. See *State v. McClain,* 4 N.C. App. 265, 166 S.E. 2d 451 (1969). Defendants could not be prejudiced by the lack of evidence against them implicit in the State's admission that no fingerprints had been taken from the pistol.

[2]    Assignments of error Nos. 3, 4, 5, and 6 are concerned with questions pertaining to the McKinzie brothers. It is their contention that there was not sufficient evidence as to them to withstand motion for nonsuit and also that the court overinstructed the jury on the law of aiding and abetting thereby prejudicing their right to a fair determination by the jury. In view of the surrounding circumstances, there was sufficient evidence introduced by the State for the case against the McKinzie brothers to be submitted to the jury for consideration under the law of aiding and abetting. *State v. McCabe; State v. Loften,* 1 N.C. App. 461, 162 S.E. 2d 66 (1968). The uncontroverted testimony of the State's witnesses placed the McKinzie brothers with Mitchell before, during and after the robbery and at the time Mitchell and the McKinzie brothers were arrested. We think the evidence, taken as a whole, does more than point the finger of suspicion toward the McKinzies. We hold that the evidence in this case was sufficient to withstand the motion for nonsuit.

[3] In reviewing the charge of the court to the jury concerning aiding and abetting, we find no prejudicial error. The mere fact that the law pertaining to aiding and abetting was mentioned in more than one place in the charge is not undue emphasis and did not prejudice the defendants. These assignments of error are overruled.

[4] Defendants next contend that their motion for a new trial should have been granted because of the improper argument of the solicitor. Although the record is silent as to what the solicitor said which defendants contend was improper, there is indication that the solicitor may have made observations from which it could be inferred that the defendants had not taken the stand to defend themselves. This, of course, would not be proper argument. However, if the trial court takes proper action to remove any prejudicial effect which might have resulted from the solicitor's remarks, such remarks will not be held to be reversible error. *State v. Stephens,* 262 N.C. 45, 136 S.E. 2d 209 (1964). The record indicates that immediately upon objection by defendants' counsel to the solicitor's remarks, whatever they were, the court admonished the solicitor that he must not make inferential observations that would suggest that the defendants had not taken the stand. Also the court's charge to the jury contained a statement to the effect that the defendants had the absolute right not to take the stand and the fact that they did not could not be considered prejudicial to their case. We think that any prejudicial effect of any remarks the solicitor may have made was effectively removed by the court's statements at the time and later by the court's charge to the jury.

[5] By assignment of error No. 9 defendants contend that it was error to refuse their motion to set aside the verdict as being contrary to the weight of the evidence. This contention is without merit and is overruled. Whether to grant such a motion is within the discretion of the trial judge and will not be disturbed in the absence of abuse of that discretion. *State v. Massey,* 273 N.C. 721, 161 S.E. 2d 103 (1968); *State v. Kirby,* 4 N.C. App. 380, 166 S.E. 2d 833 (1969). No abuse has been shown.

[6] Defendants' last assignment of error is addressed to the refusal of the court to allow their motion in arrest of judgment. Defendants contend that the indictments were based on the hearsay testimony of two police officers, one of whom was not called to testify at the trial, and therefore subject to quashal. This contention is without merit and is overruled. An indictment is not subject to quashal on the ground that the testimony before the grand jury was based on hearsay. *State v. Wall,* 273 N.C. 130, 159 S.E. 2d 317

(1968); *State v. Hartsell,* 272 N.C. 710, 158 S.E. 2d 785 (1968); *State v. Levy,* 200 N.C. 586, 158 S.E. 94 (1931).

Other assignments of error are not brought forward and are deemed abandoned. Rule 28, Rules of Practice in the Court of Appeals of North Carolina. Defendants have had a fair trial, free from prejudicial error.

Affirmed.

MALLARD, C.J., and HEDRICK, J., concur.