STATE of Tennessee, Petitioner,

v.

**Luther E. GRADY, Jr., Respondent.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Jan. 15, 1979.

Permission to Appeal Denied by Supreme Court April 16, 1979.

**140**

William M. Leech, Jr., Atty. Gen., John Zimmermann, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for petitioner.

Eddie L. Headrick, Cleveland, for respondent.

## OPINION

DAUGHTREY, Judge.

The State of Tennessee contests * the order of the trial judge, in which he dismissed two indictments against Luther E. Grady. Jr. on the ground that they were returned solely on the basis of hearsay evidence presented to the Bradley County Grand Jury by the chief investigating officer. The trial judge ruled that "based upon Rule 5.1(a) of the Tennessee Criminal Rules of Procedure, and the decision of the [Tennessee] Supreme Court in *Waugh v. State of Tennessee*, 564 S.W.2d 654 (1978), that something more than heresay [sic] evidence is necessary before the Defendant can be properly indicted."

In this ruling the trial judge was plainly wrong. Both Rule 5.1(a) and the *Waugh* opinion deal exclusively with preliminary hearings and, by their own terms, neither has any application to grand jury proceedings. Indeed, Tennessee law specifically allows indictment upon hearsay testimony. *Gammon v. State*, 506 S.W.2d 188 (Tenn.Crim.App.1973); *Casey v. State*, 491 S.W.2d 90 (Tenn.Crim.App.1972); *State v. Marks*, 3 Tenn.Crim.App. 539, 464 S.W.2d 326 (1970); *Parton v. State*, 2 Tenn.Crim. App. 626, 455 S.W.2d 645 (1970). The rule that a grand jury may indict a person solely upon the testimony of an investigator, even though the testimony would be inadmissible hearsay if offered at trial, is followed in the federal courts, *Costello v. United States*, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1959), and by a substantial number of other state jurisdictions. *See, e.g., Douglas v. State*, 42 Ala.App. 314, 163 So.2d 477 (1963), *rev'd. on other grounds* 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965). *Commonwealth v. Dessus*, 423 Pa. 177, 224 A.2d 188 (1966); *People v. Jones*, 19 Ill.2d 37, 166 N.E.2d 1 (1960); *People v. McCrackin*, 61 Ill.App.2d 457, 209 N.E.2d 673 (1965); *State v. Goldberg*, 261 N.C. 181, 134 S.E.2d 334 (1964), *cert. denied*, 377 U.S. 978, 84 S.Ct. 1884, 12 L.Ed.2d 747 (1964); *State v. Matthews*, 218 So.2d 743 (Miss.1969); *State v. Parks*, 437 P.2d 642, 37 A.L.R.3d 605 (Alaska 1968); *State v. Turner*, 268 N.C. 225, 150 S.E.2d 406 (1966); *State v. Wall*, 273 N.C. 130, 159 S.E.2d 317 (1968).

The order of the trial court is hereby vacated, the indictments are reinstated, and the cases are remanded for further proceedings not inconsistent with this opinion.

BYERS and CORNELIUS, JJ., concur.

---

* The State originally sought review under T.C.A. § 27–601 et seq., by means of writ of error, which was granted by the Clerk of Court (apparently pursuant to T.C.A. § 27–602). That order must be vacated as void. The right to proceed by writ of error exists only in "cases where an appeal in the nature of a writ of error would have lain." T.C.A. § 27–601. Since the trial court denied an appeal in this case, no appeal in the nature of a writ of error could be brought; it follows that a writ of error will not lie and was improperly granted. However, the Court has treated the State's request for review as a petition for a writ of certiorari from the trial court's denial of an appeal; the Court hereby grants the writ and in this opinion goes on to treat the question presented on its merits.

CORNELIUS, Judge, concurring.

I concur in Judge Daughtrey's opinion. The authorities for the opinion are legion, but I feel compelled to call attention to the realities. This can best be done by citing *Hawkins v. Superior Court,* California Supreme Court, 150 Cal.Rptr. 435, 586 P.2d 916.

> "Indeed, the fiction of grand jury independence is perhaps best demonstrated by the following fact to which the parties herein have stipulated: between January 1, 1974 and June 30, 1977, 235 cases were presented to the San Francisco grand jury and indictments were returned in all 235."

> "The pervasive prosecutorial influence reflected in such statistic has led an impressive array of commentators to endorse the sentiment expressed by United States District Judge William J. Campbell, a former prosecutor: 'Today, the grand jury is the total captive of the prosecutor who, if he is candid, will concede that he can indict anybody, at any time, for almost anything, before any grand jury.'"

Grand juries should be encouraged to investigate cases presented to them.